Grimes v. Thorp.

---

JOSEPH B. GRIMES, Respondent, v. BENJAMIN THORP, Appellant.

Kansas City Court of Appeals, June 26, 1905.

1. **SLANDER: Theft of Corn: Poison and Antidote.** The words, "I know I never got all my rent corn off the ground that Joe Grimes had rented; the corn that Joe Grimes sold to T was my corn, and I am satisfied that Grimes stole my corn." *Held*, this utterance does not show the corn was not the specific property of the defendant and does not disclose that larceny could not have been committed.

2. ———: **Compensatory and Exemplary Damages: Instruction.** The question of guilt in the false utterance and the consequent compensatory damages and that of exemplary damages may become disconnected matters and should not be confounded and

confused in instructions by telling the jury they might take into consideration the facts and circumstances admitted in evidence as produced by both parties.

3. ———: **Jury: Judges of the Law: Instruction.**    Though in a libel case the court may instruct the jury, not in a mandatory way, but as advisory, yet in civil actions for slander no such innovation on the ordinary mode of jury trials prevails, and. it is error in the latter case to instruct the jury that they are the judges of the law and not bound by the instructions of the court; and it makes no difference whether such instruction is given at the instance of the plaintiff or the defendant.

Appeal from Cedar Circuit Court.—*Hon. Wm. L. Jarrott*, Judge.

REVERSED AND REMANDED.

*W. C. Hastin* and *Woodruff & Mann* for appellant.

(1) The colloquium in the third and fourth counts in the petition shows upon the face thereof, in each count, that the alleged taking in either count was not larceny. Plaintiff was in possession of the corn, and merely failed to deliver to defendant. Such failure is not larceny. R. S. 1899, secs. 1898, 1910; Kelley's Crim. Law, sec. 652; Hall v. Adkins, 59 Mo. 144; State v. Storts, 138 Mo. 127. (2) Since the petition shows upon its face that under the circumstances alleged in each of said third and fourth counts defendant, by the alleged slanderous words, to the effect that plaintiff had taken his corn, did not intend thereby to charge plaintiff with the crime of larceny as plead in the innuendo in each of said counts, the petition showed upon its face no cause of action on account of either of said counts; the corn in the possession of plaintiff was not the subject of larceny from defendant. Alderson v. Auerswald, 80 Mo. App. 372; Trimble v. Foster, 87 Mo. 49. (3) Defendant's objections to the introduction of any testimony under either of said third or fourth counts should therefore have been sustained. Walter v. Holfner, 51 Mo. App. 51. The court erred in instructions number-

ed 3 on the first count and numbered 5 on the second count, given on behalf of plaintiff. Because they tell the jury that in making up their verdict they may take into consideration all the facts and circumstances detailed in evidence with reference to the respective counts by plaintiff and defendant. Each of these instructions specifically authorizes the jury to take into consideration the evidence of independent slanderous utterances by defendant in determining the truth of the original charge, and, also, in fixing the amount of compensatory damages, when the evidence was competent only in determining what, if any, punitive damages the jury should award. Jones v. Murray, 167 Mo. 47; Callahan v. Ingram, 122 Mo. 372-373, 374; Krup v. Corley, 95 Mo. App. 647. (4) The court erred in instruction numbered 9 given at the request of plaintiff: (a) Because the constitution provides that in all suits and prosecutions for libel the truth thereof may be given in evidence, and the jury, under the direction of the court, shall determine the law and the fact. The Constitution, therefore, does not provide that in suits or prosecutions for slander the jury should be the judge of the law. Art. 2, sec. 14, Const. of Mo.; R. S. 1899, sec. 2262. (b) The Constitution, art. 2, sec. 14, as written, applies only to suits or prosecutions for libel, and does not apply to slander. Heller v. Pulitzer, 153 Mo. 214.

*Thomas L. Nelson* and *Cole, Burnett & Williams* for respondent.

(1) Instruction numbered 3 on the first count and numbered 5 on the second count properly declared the law. Under each of said instructions before the jury could allow penal or exemplary damages, the jury were required to find that the acts complained of, in each count, respectively, were malicious on the part of defendant. Hall v. Jennings, 87 Mo. App. 636; Construc-

tion Co. v. Railway, 71 Mo. App. 629; Railway v. Town-site Co. 103 Mo. 468. (2) Plaintiff's instruction numbered 4 properly declared the law. The words uttered as charged in the second count did not explain that when plaintiff gathered the corn grown on the 28-acre bottom field rented from defendant in 1902 that defendant meant that plaintiff delivered less than two-fifths of the rent to defendant and retained for himself more than three-fifths thereof, of which he hauled and sold a part to Teidgen. But whether or not defendant only spoke of and concerning that fact was fairly submitted to the jury by plaintiff's instructions and defendant's instruction numbered 3. Where the words are *per se* actionable, the plaintiff need not prove anything beyond the speaking of the words, and the burden is upon the defendant to show the facts which deprive the words of their actionable quality, if he relies upon them for a defense. 18 Am. & Eng. Ency. of Law (2 Ed.), sec. 4, p. 1077. (3) Article 2, section 14, Constitution of Missouri in its provisions covers and includes slander. The term libel as used in section 14 refers back to "freedom of speech" and "to say write or publish" and includes what is "said" as well as what is "written or published. A written constitution must be interpreted rather with reference to its special and general intent and the ordinary and usual sense of the phraseology than to the literal, and technical meaning of the words used. People v. Faucher, 50 N. Y. 288. (4) The established canons of construction applicable to statutes, apply as well to constitutions. Nicholson v. Thompson, 5 Rob. (La.) 367; People v. Potter, 47 N. Y. 375; Endlich on Interpretation of Statutes sec. 38, p. 48; sec. 39, p. 50; sec. 40, p. 50. If the instruction was erroneous, the error was favorable to defendant. Heller v. Publishing Co., 153 Mo. 213. Where an additional burden is cast upon respondent, appellant is in no position to complain. Paretti v. Rebenack, 81 Mo. App. 494.

ELLISON, J.—The plaintiff brought his action against defendant charging in four counts that the latter had slandered him. The third and fourth were dismissed by the court and a verdict for plaintiff was had on the first and second, the finding being for both compensatory and exemplary damages on each count, aggregating two thousand dollars. Defendant appealed.

1. The first count states the slander as that plaintiff used this language: "Yes, I did accuse Joe Grimes of stealing my corn, and he did steal it, and by God I can prove it."

The second count sets out that while plaintiff was residing on defendant's farm as his tenant, he spoke of plaintiff to one Charles W. Stevenson, the following false and slanderous words, to-wit: "I know I never got all my rent corn off of the ground that Joe Grimes had rented; the corn that Joe Grimes sold to Teidgen was my corn, and I am satisfied that Grimes stole my corn."

The words charged in the first count are conceded to be slanderous *per se*. But it is said that those in the second count are not slanderous, but that they carry along with them a meaning which shows that they could not be. [Trimble v. Foster, 87 Mo. 49.] The point made is that plaintiff was defendant's tenant on the shares and that plaintiff being in possession of the corn, undivided between landlord and tenant, could not be guilty of larceny. That, however, does not appear from the language used. The utterance does not show the corn was not the specific property of defendant. The language used does not disclose that a larceny could not have been committed. The mere fact that it was "rent corn" does not show it.

2. The petition asked for exemplary damages and there was evidence offered and admitted in behalf of plaintiff to sustain damages of that nature, and so the jury awarded such damages. But there was likewise evidence in plaintiff's behalf showing mitigating circumstances on the question of such damages. In such state

of case the court gave for plaintiff instructions three and five, the former as to the first and the latter as to the second count, in which the jury were told that, "in making their verdict" they might take into consideration the facts and circumstances admitted in evidence as produced by both parties. A part of the evidence admitted was only competent on account of the claim for exemplary damages and not for the purpose of proving the truth of the slanderous charge, or actual damages. By those instructions the jury were authorized to consider evidence on the charge of uttering the words and of the amount of compensatory damages, which was not applicable thereto, but only applicable to exemplary damages.

The instructions should not ignore matters of mitigation (Callahan v. Ingram, 122 Mo. 355, 363, 373) when exemplary damages are asked and mitigating circumstances appear to rebut or lessen malice. In the case just cited and that of Jones v. Murray, 167 Mo. 47, it was held that while evidence of intention and motive was admissible on the question of malice and exemplary damages, yet the jury should be cautioned that such evidence should not be considered as a defense to the utterance of the words, nor to reduce compensatory damages. So it is made clear that these two elements—guilt in uttering the false words with the consequent compensatory damages, and exemplary damages may become distinct matters, and they should not be confounded and confused in instructions as in this case, the result being that the jury may have allowed evidence applicable to one to have had an influence in determining the other, to which such evidence did not apply.

3. Error was committed in giving an instruction at the instance of the plaintiff, that "the jury are themselves the judges of the law of slander as well as of the facts, and they are not required to accept the instructions given by the court as being conclusive of what the

law of slander is." In libel cases (whether civil or criminal). the jury under the direction of the court determines the law and the fact. Sands v. Marquardt, 113 Mo. App. 490. That is to say, the court may instruct the jury as to the law of libel in an advisory, but not mandatory, way. The jury cannot be directed peremptorily to find a verdict of guilty in a criminal prosecution for libel nor for plaintiff in a civil suit if they believe certain facts, for they are the judges of the law as well as the fact. This is the effect of the law as stated by Judge Johnson in the Sands case, and is undoubtedly the view of the Supreme Court, as is shown in the cases of State v. Armstrong, 106 Mo. 395, and Heller v. Pulitzer Pub. Co., 153 Mo. 205. In criminal prosecutions for either libel or slander, the jury determine the law and fact. [R. S. 1899, sec. 2262.]

4. But in civil actions for slander no such innovation on the ordinary mode of trial by jury prevails. [Heller v. Pulitzer Pub. Co., supra.] It was therefore error in the trial court to instruct the jury that they were the judges of the law and that they were not bound by the instructions of the court. Such high and exceptional function does not rest with such body in civil actions for slander.

5. As the right and power lodged with a jury to determine the law of libel was called into being in the interest of defendant, and as a restraint upon the authority of judges to direct verdicts of guilty upon the belief of certain facts, it is argued by plaintiff that since the instruction here was given at the instance of the plaintiff, it had the effect of helping instead of harming defendant, in that it gave the jury the privilege of finding for him even though they could not have done so but for that instruction. We may concede that; but the fact remains that the instruction likewise gave the jury the authority to disregard the instructions in defendant's behalf, and themselves determine, in the face of such instructions that he was guilty of slander and

mulct him in damages therefor.  So we hold such instruction in civil actions for slander to be erroneous whether given at the instance of the plaintiff or defendant.

The judgment will be reversed and the cause remanded.  All concur.