JAMES HUMPHREYS, Respondent, v. THOMAS PILE, Appellant.

Kansas City Court of Appeals, May 2, 1910.

1. **LIBEL AND SLANDER: Charging Felony: Pleading: Justification.** Plaintiff sued defendant for slander charging that defendant had accused plaintiff of trying to poison defendant's family. There was ample evidence to support the truth of defendant's alleged statement, but defendant's answer did not plead justification. Under the pleadings plaintiff was entitled to a verdict for actual damages if the jury believed defendant spoke the words he is alleged to have spoken.

2. ———: ———: ———. Where slanderous words charge plaintiff with the commission of a felony, they are actionable *per se*, and if the answer does not plead justification their falsity is admitted.

3. ———: ———: ———: **Burden of Proof.** An utterance imputing to another the commission of a crime is presumed to be false, and defendant has the burden to plead and prove its truth. In the absence of such plea he is conclusively presumed to have wilfully uttered a false accusation.

4. ———: ———: **Jury Judges of Law, When.** The jury are the judges of both law and facts on the issue of libel or no libel, in a libel case, but not so in a slander case.

5. ———: ———: **Instructions.** While the instructions in this case on the issue of compensatory damages are free from prejudicial error in themselves, yet they are so drawn as to be misleading or confusing when considered with those on the issue of exemplary damages. The jury allowed plaintiff $1500 actual and $1000 punitive damages. Under the circumstances of this case the judgment ought not to be permitted to stand, since the verdict cannot be said to be for the right party.

6. **SLANDER AND LIBEL: Punitive Damages: Discretion of Jury.** In slander and libel cases the question of plaintiff's right to punitive damages lies entirely with the jury. They may disallow such demand even where they believe the defendant was guilty of actual as distinguished from imputed malice.

7. **Remittitur: Error Cured.** (On motion to modify opinion.) Where the only error committed is in the assessment of punitive damages, and the plaintiff remits such damages the judgment for actual damages may be sustained.

Appeal from Grundy Circuit Court.—*Hon. George W. Wanamaker,* Judge.

REVERSED AND REMANDED (*with directions*).

*Smoot & Cooley, O. G. Bain & Son* for appellant.

*E. M. Harber* and *Hubbell Bros.* for respondent.

(1) In slander, the jury is not the judge of the law, to any extent. Grimes v. Thorp, 113 Mo. App. 652; Sands v. Marquardt & Sons, 113 Mo. App. 490. (2) Justification must be pleaded. R. S. 1899, sec. 636; Bliss, Code Pleading (3 Ed.), secs. 359, 361; Boone, Code Pleading, 72; Yager v. Bruce, 116 Mo. App. 473; 18 Am. and Eng. (2 Ed.), pp. 1008, 1070.

*E. M. Harber* and *Hubbell Bros.,* for respondent, on motion to modify opinion.

The defendant is now dead. The verdict, so far as the compensatory damages are concerned, is not affected by any error. The plaintiff remits the amount allowed as punitive damages. The court has power to allow the remittitur and affirm the judgment to the extent of the allowance of actual damages. 3 Cyc. 436; Rider v. Kirk, 82 Mo. App. 120; McLean v. Kansas City, 81 Mo. App. 72; Railroad v. Iron Works, 117 Mo. App. 153; Smith v. Kansas City, 125 Mo. App. 150; Majors v. Maxwell, 120 Mo. App. 281; Link v. Prufrock, 85 Mo. App. 618; Live Stock Remedy Co. v. White, 90 Mo. App. 498; Stafford v. Adams, 113 Mo. App. 717; Smith v. White, 165 Mo. 590; Johnson v. Fluh, 176 Mo. 452; West v. Railroad, 118 Mo. App. 432; Gerst v. St.

Humphreys v. Pile.

Louis, 185 Mo. 191; Smith v. Royce, 165 Mo. 654; Partello v. Railroad, 141 Mo. App. 162; McGraw v. O'Neil, 123 Mo. App. 691; Hedges v. Railroad, 125 Mo. App. 583; Agnew v. Railroad, 125 Mo. App. 587; Lange v. Railroad, 115 Mo. App. 582; Moss v. Railroad, 128 Mo. App. 385; Evers v. Wiggins Ferry Co., 127 Mo. App. 244; Briscoe v. Railroad, 120 S. W. 1162; 4 Ell. on Railroads, sec. 1828, p. 981; 18 Ency. P. & P. 138; Barree v. Cape Girardeau, 132 Mo. App. 182; Henderson v. Kansas City, 177 Mo. 477; Rittel v. Iron Co., 127 Mo. App. 463; Brady v. Railroad, 206 Mo. 509; Saller v. Shoe Co., 130 Mo. App. 712; 3 Cyc., 437, 438; Canfield v. Railroad, 121 N. W. 186.

*Smoot & Cooley* and *O. G. Bain & Son,* for appellant, on motion to modify opinion.

The verdict not being for the right party, the court should not affirm the judgment on remittitur of the amount allowed as punitive damages. McLean v. Kansas City, 81 Mo. App. 72.

JOHNSON, J.—This action is for slander. Both compensatory and exemplary damages are claimed in the petition. The verdict awarded plaintiff fifteen hundred dollars compensatory and one thousand dollars exemplary damages and, after unsuccessfully moving for a new trial and in arrest of judgment, defendant brought the case here by appeal. The suit was begun September 7, 1908, in the circuit court of Grundy county by the filing of a petition wherein defendant is charged with the slander of plaintiff on three different occasions, *viz.,* September, 1907, January, 1908, and July, 1908. The parties were farmers of Grundy county and defendant was the father-in-law of plaintiff. The trouble between them began over a promise plaintiff claimed defendant made him at the time of his marriage, which occurred in 1900. Defendant, an

extensive landowner, promised (so plaintiff claimed) that if plaintiff would move to a farm of one hundred and sixty acres in Grundy county owned by him, he would sell eighty acres of the land to plaintiff at thirty dollars per acre, when plaintiff could pay for it, and would give the remaining eighty acres to his daughter, the wife of plaintiff. Acting on this promise, plaintiff and his wife occupied the farm for which plaintiff paid defendant rent for eighty acres, at the rate of two dollars per acre per year, and was permitted to use the other eighty acres rent free. In 1904, plaintiff prepared to pay the purchase price of the eighty acres defendant was to sell him and demanded that defendant perform his promise. Defendant denied the promise and refused either to sell the one tract to plaintiff or to give the other to plaintiff's wife. A violent quarrel ensued, in the course of which plaintiff, on one occasion, drove defendant from his home at the point of a gun. On August 18, 1904, the wife of plaintiff, accompanied by one of her two children, a little girl, visited her parents and remained over night. The other child, a boy, remained with his father. Defendant and his family had planned to see a traveling show at Trenton the next day and the visit of his daughter and grandchild did not cause their plans to be changed. They retired early, with the intention of arising the next morning at about two o'clock, and to facilitate the preparation of breakfast, defendant's wife, before retiring, procured from the cellar the things she would use for breakfast. That night, someone entered the cellar and put strychnine in the milk, preserved fruits and other foodstuffs. Early next morning, defendant's wife went to the cellar, skimmed the milk and fed the skimmed milk to the hogs. Nine of them died immediately.

The facts we have stated are undisputed. On the part of defendant, the evidence very strongly points to plaintiff as the author of the diabolical attempt against the lives of defendant and his family and the wife and

daughter of plaintiff. On the other hand, it is the contention of plaintiff that defendant put out the poison for the purpose of laying a criminal charge at plaintiff's door. We shall not go into the details of the evidence. Suffice it to say, we think, had the issue of justification been pleaded in the answer, the jury would have had ample evidence on which to base a finding that plaintiff was guilty of a fiendish assault on innocent lives, and we do not think there is any evidence at all on which to found a reasonable inference that defendant set out the poison. But since the answer does not plead justification, we shall not comment further on this phase of the case except to mention the significant fact that plaintiff waited until a criminal prosecution would be barred by limitation before he brought an action for slander, though his evidence shows that defendant, ever since the discovery of the poison, has continuously charged him with the commission of the crime.

Plaintiff adduced substantial evidence in support of his averment that on the dates specified, defendant spoke the words alleged. The substance of these various utterances is contained in the following words defendant is charged to have spoken in January, 1908: "Jim Humphreys put out poison and tried to poison my whole family. Jim Humphreys put strychnine into the milk at my house and into our fruit jars and into my well of water, and tried to poison and kill his own wife and child and my whole family, so his one boy would inherit all my property. See how slick he was, he kept his one boy at his own home so he could get all my wealth after he had killed us all. I make no bones of telling anybody. I want Jim Humphreys to know that I know all about him trying to kill us."

The first argument of defendant is that the court erred in instructing the jury, at the request of plaintiff, that they were not suffered to exercise the functions of judges of the law as well as of the facts of the case.

Evidently, counsel confuse the law of slander with that of libel. In libel cases, on the issue of libel or no libel, the jury are the judges of both law and facts and the instructions of the court should be given in an advisory, not a mandatory way. [Sands v. Marquardt, 113 Mo. App. 490.] "But in civil actions for slander, no such innovation on the ordinary mode of trial by jury prevails." [Grimes v. Thorp, 113 Mo. App. 652.] And we think the plaintiff was entitled to have the jury instructed to find for him and assess compensatory damages if they believed defendant spoke the words he is alleged to have spoken. They charged plaintiff with the commission of a felony, were actionable *per se*, and since the answer fails to plead justification, their falsity is admitted. An utterance imputing to another the commission of a crime always is presumed to be false, the burden is on the defendant to plead and prove its truth, and if he fails thus to plead, his malice will be imputed, since, necessarily, in admitting the falsity of his statement, he must be held to have wilfully uttered a slander. [Tingley v. Times Mirror Co., 151 Cal. 1, 89 Pac. 1097; Cranfill v. Hayden (Tex. Civ. App.), 75 S. W. Rep. 573.]

As far as the instructions given at the request of plaintiff deal with the issues relating to the allowance of compensatory damages, they are free from prejudicial error, but we find that in their relation to the issues of exemplary damages, they are cleverly drawn to mislead the jury into the false belief that they would be compelled to allow exemplary damages, if they found for plaintiff on the issue of slander or no slander. It is true, the ninth instruction given for plaintiff correctly expounds the law of punitive damages in cases of this nature, but all of the instructions for plaintiff must be read together and be considered as a single charge, and if, as a whole, they are misleading or confusing, the judgment should not be permitted to stand in a

case where, as in the present, the verdict cannot be said to be for the right party.

The second, third and fourth instructions tell the jury they "must find for the plaintiff" if they resolve the issues of fact submitted in favor of plaintiff without restricting the mandatory direction to compensatory damages. The fifth and sixth instructions are so worded as to imply that "in the event of a verdict for the plaintiff" it will include exemplary damages and in the eight instruction which gives forms for a verdict, the form for a verdict in favor of plaintiff does not admit the idea that the jury may wish to give a verdict for plaintiff for compensatory but not for punitive damages.

Many facts and circumstances were pleaded by defendant and supported by the evidence he introduced to show that he was not prompted by actual malice, but uttered the words in the honest belief of their truth. The jury were entitled to consider such facts and circumstances, not only as being in mitigation of punitive damages, but as affording a valid reason for refusing to allow any but compensatory damages. In slander and libel cases, the decision of the question of whether or not the plaintiff should have smart money lies entirely in the judgment of the jury. They may disallow such demand even where they believe the defendant was guilty of actual, as distinguished from imputed, malice. Their right to exercise their own discretion should not be invaded nor abridged by the instructions of the court, and we do not hesitate in saying that where, as here, the instructions given at the behest of the plaintiff are so worded as to confuse or mislead the jury with respect to the extent and scope of the discretion they may exercise, they should be condemned as being an invasion of the province of the triers of fact.

The judgment is reversed and the cause remanded. All concur.

## ON MOTION TO MODIFY OPINION.

Respondent has filed a remittitur of the amount awarded as exemplary damages and asks that the judgment for compensatory damages be allowed to stand. We think the request should be granted and accordingly that part of the order remanding the cause for another trial is set aside and in lieu thereof the cause is remanded with directions to the trial court to render judgment for plaintiff for the sum assessed in the verdict of the jury as compensatory damages. All concur.