## PAULENA KUNZ, Respondent, v. ROBERT HARTWIG, Appellant.

### Springfield Court of Appeals, November 10, 1910.

1. **INSTRUCTION:** Slander. Where a given instruction in a slander suit required the jury to find that the slanderous words were spoken during certain months, the effect is to eliminate from the jury's consideration slanderous words spoken prior to the months named in the instruction and the admission of evidence of what the defendant said prior to those months, even if error was not a reversible one, under the facts in this case.

2. **SLANDER: Malice: Motive: Evidence.** It is proper in a suit for damages for slander to admit evidence tending to show the motive that prompted the defendant in publishing the slanderous words against plaintiff and to admit evidence of other distinct slanders for the purpose of showing malice.

3. ———: ———: ———: ———. In actions for slander it is competent to show the existence of malice by any language ued by the defendant, whether foreign or English, or by any sign, word, or token.

4. **PLEADING: Libel: Pleading Foreign Language: Evidence: Variance.** In actions of libel and slander, where the defamatory words charged in the petition are written or spoken in a foreign language, the rule of pleading is that they must be set forth in the petition together with the proper translation of them. If the petition alleges that the words were spoken in the English language and the evidence shows that they were spoken in a foreign language, the variance is fatal.

5. ———: Proof: Variance: Question of Law. The question as to what is a variance between the allegations of the petition and the proof is one of law and the point having been made in the trial court, may be reviewed by the appellate court.

6. **SLANDER: Pleading: Evidence: Variance.** In an action for slander it is generally the duty of the plaintiff to set out in his petition the very words used, and these words must be

proven as charged; that is, the words proven must be substantially the same as laid in the petition. It is not enough however, that the words proven are of the equivalent meaning. The proof of additional words not changing the sense will not be a variance. All the slanderous words charged need not be proven, provided those proven constitute the precise charge of slander alleged.

7. ———: ———: ———: ———: The evidence in this case, an action for slander, is examined in connection with the allegations in the petition as to the slanderous words and *held* that there was a material variance between the petition and proof.

8. ———: ———: ———: ———: **Words Construed to Be Innocent When.** In actions for slander the words charged to nave been spoken should be understood and construed in their most innocent sense, unless there are averments in the petition giving them other and sinister meaning.

Appeal from Greene Circuit Court.—*Hon. Alfred Page,* Judge.

REVERSED AND REMANDED.

*A. H. Wear* for appellant.

(1) Evidence of what defendant said in German was improper to prove the utterances included in the allegations. 5 Wait's Actions and Defenses, 744; Kirschbaugher v. Slusser, 12 Ind. 453; Zerg v. Ort, 3 Pinney ('Wis.) 30; State v. Marlier, 46 Mo. App. 233; Odger's Libel and Slander, 109, 110, 470; Newell on Defamation, Slander & Libel, 277, 637. (2) The words proved do not sustain the allegations. In action of slander the slanderous words must be proved as charged; proof of equivalent words is not sufficient. Birch v. Benton, 26 Mo. 153; Berry v. Dryden, 7 Mo. 324; Christol v. Craig, 80 Mo. 376. (3) It will not do to prove different words of similar import. Clements v. Maloney, 55 Mo. 357; Coe v. Griggs, 76 Mo. 623; Wood v. Hilbish, 23 Mo. App. 389.

*Hamlin & Seawell* for respondent.

(1)   The evidence of what defendant said more than two years prior to the suit was competent for the purpose of establishing malice, or the intent of appellant. Hall v. Jennings, 87 Mo. App. 632; Callahan v. Ingram, 122 Mo. 355.   (2)   The evidence of the statements of appellant in German being prior to the time of the alleged slander submitted to the jury was admissible for the purpose of establishing the intent or malice of appellant. Butts v. Long, 94 Mo. App. 688; Stieber v. Wensel, 19 Mo. 513; Elfrank v. Seiler, 54 Mo. 134.   (3)   It is not necessary to prove all the words charged, but only enough to constitute the slander. Noeninger v. Vogt, 88 Mo. 592; Walter v. Hoeffner, 51 Mo. App. 52.

NIXON, P. J.—This appeal is from a judgment for three hundred dollars in favor of Paulena Kunz in a suit for slander commenced on the 20th day of August, 1908. The amended petition was in seven counts, but the finding for the respondent was on the second count, which is as follows:

"And for another cause of action against the defendant, she (the plaintiff) says she is at this time the wife of A. F. Kunz, and was on the date herein mentioned, and since their marriage they have lived happily together. That on the —— day of August, 1908, the defendant maliciously and falsely uttered of and concerning the plaintiff, in the presence of divers persons, the following false and defamatory matter, to-wit:   That Mrs. Kunz was nothing but a damned whore, and that he had had sexual intercourse with her; that said false and malicious statements were uttered by the defendant with the intent to injure plaintiff in her good name and reputation among her neighbors and friends, and to cause her husband to withdraw his love and affection from her, and that said

false and malicious statements have injured her reputation as a virtuous woman among her neighbors and friends, for which she has suffered actual damages in the sum of three hundred dollars and punitive damages in the sum of two hundred dollars, for which she prays judgment.''

The answer, besides containing a general denial, alleges that for a long time prior to the time the slanderous words were alleged to have been spoken, the plaintiff's reputation in the neighborhood for truth and veracity, for chastity, for general immorality, and in respect to the matters alleged in the amended petition was notoriously bad. That by reason thereof defendant was induced to and did believe in the truth of said charges and from what was said in the neighborhood as to plaintiff having been guilty of acts of unchastity and acts of adultery with the persons mentioned in the petition, did believe that plaintiff was an immoral woman. It is then alleged that whatever defendant may have spoken was without malice ''and for the purpose of remonstrating with such persons as spoke to him of said rumors and acts of immorality against any further publication or utterance of the said rumors against the plaintiff, and in advice to such persons . . . not to make further notoriety of said rumors but that the matters should be communicated to the plaintiff as to the grave charges that were in circulation as to her reputation and character, in order that the plaintiff might correct the said rumors, if the charges were untrue, and that she might reform her conduct if said charges were true, and to the end that peace might be restored in the said neighborhood.''

I. Appellant's first contention is that evidence as to what defendant said more than two years before the commencement of the action was improper, incompetent and immaterial and could not be the basis of

an action. The defendant asked and the trial court refused an instruction confining the scope of the inquiry to slanderous utterances between the 1st of June, 1908, and the —— day of August, 1908. It should be remembered that we are concerned only with the second count of the petition which charges that the words were spoken on the —— day of August, 1908. At the conclusion of the testimony, however, the court gave an instruction whereby the jury was required to find that the slanderous words were spoken during July or August, 1908. Hence, the verdict was not based on words spoken prior to that time.

II. The court in this case properly admitted evidence tending to show the motive that prompted the defendant in publishing the slanders against the plaintiff, and, for the purpose of showing malice, admitted in evidence other distinct slanders. Malice may be proved by extrinsic evidence. It may be shown that the defendant had a long-standing grudge against the plaintiff; and anything that the defendant had said or done with reference to the plaintiff and any charges that he had made of adultery may be shown as evidence of malice; and these facts and circumstances are competent whether spoken before or after the speaking of the words charged as defamatory. This is allowed, as we have stated, to show facts from which the jury may arrive at a correct estimate of the damages by showing the spirit and intention of the party publishing the slander. [Hall v. Jennings, 87 Mo. App. l. c. 632.]

III. The appellant asked and the court gave in his behalf the following instruction: "That in the second count of plaintiff's petition, plaintiff charges that the defendant falsely and maliciously spoke of the plaintiff 'that Mrs. Kunz was nothing but a damned whore, and that he had had sexual intercourse with her,' and unless the jury believe from the greater

weight of the evidence that the defendant did speak of the plaintiff the words so charged or so much of the said words as may be sufficient to constitute the charge of adultery with defendant and that said words and charge was false, then it is the duty of the jury to find the issues for the defendant on that the second count." The respondent claims that the appellant, by this instruction, placed himself before the trial court in a position which is inconsistent with the one which he now occupies. We think there is no force to this reasoning. The instruction given for the appellant is the counterpart of one given for the respondent and correctly declared the law by requiring the jury to find that the defendant spoke the words charged in the petition or enough of them to constitute the charge of adultery. This instruction is entirely consistent with the position that appellant now occupies and as made by his demurrer to the evidence.

IV. The further contention is made that evidence of what defendant said in the German language was improper to prove the defamatory utterances alleged in the petition. The defendant requested and the court refused an instruction which directed the jury to disregard any testimony of slanderous utterances in the German language. The evidence shows that the words spoken in German were uttered prior to July and August, 1908, and as shown above, the jury was limited in its inquiry by an instruction to words spoken during those months.

Since the motive lying behind the written or spoken words is the foundation of malice, it is competent to prove its existence by any language, whether German or English, or by any sign, word or token. But in actions of libel and slander, where the defamatory words charged in the petition are written or spoken in a foreign language, the rule of pleading is that they must set forth in the petition together with a proper

translation of them.  If the pleading alleges the words
were spoken in the English language and the evidence
shows that they were spoken in a foreign language, the
variance is fatal.  [State v. Marlier, 46 Mo. App. 233;
13 Ency. Pld. and Prac. 102.]

V.  The appellant, at the close of all the evidence
in this case, asked an instruction in the nature of a
demurrer to the evidence to the effect that under the
law and the evidence the plaintiff could not recover.
By this demurrer, the sufficiency of the plaintiff's evi-
dence to sustain the defamatory words alleged in the
petition is brought before the consideration of this
court.  The question as to what is a variance between
the allegations of the petition and the proof is one of
law, and having been made in the trial court, may be
reviewed in the appellate court.

The principles that govern the law of variance in
cases of slander as between the words charged to have
been spoken and the words proved is well settled in
this state by numerous decisions.  In the first instance,
it is generally the duty of the plaintiff to set out in his
petition the very words used, and this is to be followed
up at the trial by proving the slanderous words so
charged.  This rule has been uniformly interpreted to
mean that if the words charged to have been spoken
are proved, but with the addition of other words not
varying the sense, then the variance is not material.
It is not enough, however, that the words proved are
of equivalent meaning.  They must be substantially
the same words as are laid in the petition.  The cause
of action is the venomous words containing the gall
of the slandering tongue and they must be strictly
proven.  Proof of words of the same or similar import
will not suffice.  [Noeninger v. Vogt, 88 Mo. l. c. 592,
and cases cited; 13 Ency. Pl. and Prac. 104.]  All the
slanderous words charged need not be proven.  It
is sufficient if those proven contain the poison to the

character and constitute the precise charge of slander alleged. [Lewis v. McDaniel, 82 Mo. 577.]

A verdict was rendered in this case for the defendant on six of the seven counts in the petition, the verdict for plaintiff being on the second count only. The defamatory words in the second count charged to have been spoken of the plaintiff by the defendant are as follows: "That Mrs. Kunz was nothing but a damned whore, and that he had had sexual intercourse with her." It is to be noticed in this case that the said second count of the petition in charging the specific slanderous words is not in any way aided by any inducement or colloquium, and hence, under the law governing pleading in such cases, unless the defamatory words proved to have been uttered were such as the law denounces as slanderous per se, there can be no recovery.

One clause of this second count of the petition was that defendant spoke of and concerning the plaintiff, these words: "That Mrs. Kunz was nothing but a damned whore." The proof offered to sustain this charge in the petition was that in a conversation with Frank Stubblefield the defendant said: "They have sued me for saying Mrs. Spittler (meaning the plaintiff) was a whore." Now it needs no elaborate argument to demonstrate that such proof does not sustain the charge of the petition. The evidence offered is only the narration of a past fact in which the defendant was giving his version of what had transpired and what was the object and charges contained in the suit commenced against him. This statement cannot be tortured into a substantive charge and affirmation that Mrs. Kunz was a "damned whore." This clause of the petition is also sought to be sustained by the testimony of C. G. Chandler who testified that he (the defendant) said that "Otto Mullinski and his wife and him and his wife went down to the county road and told old man Kunz what kind of an old lying whorish

bitch he was living with.'' This language is equally insufficient to substantiate the use of the defamatory words charged in the petition. It was at most merely a narration of a past occurrence of what the defendant had said and did not constitute a present charge or affirmation in the presence of Chandler that plaintiff was a whore. The utmost effect that could be given to this statement to Chandler as to what defendant had said to Kunz is that it was an admission that he had made the charge in the previous conversation. Viewed as an admission, it still falls far short of sustaining the specific charge made in the petition under the well-established rules of law in slander cases. The testimony does not go to the extent of showing the precise words in which the defendant made the defamatory charge when he had the talk with Kunz, and it does not follow because he told Kunz ''what kind of an old lying whorish bitch he was living with'' that he made the charge in the very words or in substantially the same words as laid in the petition and not in other words conveying an equivalent meaning. The defendant in his statement to Chandler did not necessarily undertake to give or quote the exact words he used in the particular conversation with Kunz. While this statement was competent evidence for the purpose of showing malice, it was insufficient to sustain the charge of speaking the specific words alleged in the petition; and unless the evidence went farther and showed that he used the words verbatim or substantially the words as alleged in the petition in making the defamatory charge, there would be under the law of libel and slander a material variance from the allegations of the petition. Under this view of the case it is unnecessary to consider whether the proof of ''whorish bitch'' would in law sustain the charge of ''damned whore.''

The further allegation in the petition is that defendant said ''that he had had sexual intercourse with her.'' The evidence is that defendant said: ''I had il-

legitimate intercourse with that woman." That the words "sexual" and "illegitimate" are not substantially the same words is apparent, though they may have substantially the same meaning in the connection in which they were used. If, then, we eliminate from the defamatory matter the word "illegitimate," the charge remains, "I had intercourse with that woman." The question then is whether this is substantially a charge of adultery. For a man to charge that he has had intercourse with a woman does not *ex vi termini,* charge adultery. In slander, the words charged to have been spoken should be understood and construed in their most innocent sense unless there are averments in the petition giving them other and sinister meaning. In the case of Merritt and Wife v. Dearth, 48 Vt. 63, the averment of the petition was that the defendant told Henry Williams that he had had intercourse with Martha, one of the plaintiffs' and the petition contained no prefatory averments of the occasion and sense and meaning with which the words were spoken; held, that the crime of adultery was not imputed, the court saying: "We have political and religious intercourse; domestic, social, and commercial intercourse; but the word never in common parlance or legal sense, imputes or implies sexual or criminal intercourse, unless made specific by some qualifying term."

There being a material variance between the pleading and the proof, the judgment is reversed and the cause remanded. All concur.