**Dorothy L. JOHNSON, Plaintiff,**

v.

**AMERICAN MUTUAL LIABILITY IN-SURANCE COMPANY, Defendant.**

**Civ. A. No. 19115–3.**

United States District Court,
W. D. Missouri, W. D.

March 22, 1971.

Lloyd S. Hellman, Achtenberg, Sandler & Balkin, Kansas City, Mo., for plaintiff.

James H. Ottman, and Robert E. Northrip, Shook, Hardy, Ottman, Mitchell & Bacon, Kansas City, Mo., for defendant.

## ORDER REMANDING CAUSE TO CIRCUIT COURT OF JACKSON COUNTY

WILLIAM H. BECKER, Chief Judge.

This is an action originally filed in the Circuit Court of Jackson County against defendant American Mutual Liability Insurance Company ("American" hereinafter) and Florence Roberts. The petition (state counterpart of a federal court complaint) is in four counts. In Count I, it is alleged that the defendant through its Superintendent or Manager in Kansas City, Florence Roberts, discharged plaintiff from its employ on or about January 17, 1968; that on or about April 25, 1968, plaintiff mailed a request for a letter of dismissal as required by Section 290.140 RSMo, V.A. M.S.; that

> "as a direct and proximate result of the defendants' failure or refusal to supply plaintiff with the requested letter of dismissal, damages are presumed to have occurred to plaintiff, and plaintiff suffered actual damages in that plaintiff had no letter of recommendation to use in seeking additional employment, and plaintiff was not advised of the true and correct reason for her discharge, all to plaintiff's damage in the sum of $500";

and that the refusal to give the letter of dismissal was wilful, wanton, malicious and reckless and therefore plaintiff is entitled to $10,000 punitive damages. Count II is a claim in assault and battery, alleging that Florence Roberts assaulted plaintiff in the process of dis-

charging plaintiff from employment on January 17, 1968, and thus Roberts was acting within the scope of her employment by defendant. (Florence Roberts originally was a defendant. Defendant dismissed the claim against her before removal.) It is stated that:

"Plaintiff was jerked from a chair and cast to the floor, thereby suffering contusion to her right hip and shoulder. Plaintiff has suffered pain in her right hip, low back, and right shoulder. Plaintiff's pre-existing arthritis has been aggravated and plaintiff suffers headaches. Plaintiff has incurred medical expenses, has suffered embarrassment, pain of mind and body and mental anguish, all to the plaintiff's damage in the sum of $1,000.00";

and that "the actions of the defendants were willful, malicious and reckless, and that plaintiff is entitled and should receive punitive damages from defendants in the sum of $10,000.00."

Count III purports to sound in slander. It is therein alleged:

"That defendant Florence Roberts, as employee and manager for the defendant American Mutual, in the scope of her employment, did willfully and maliciously publish and utter the following defamatory slanderous matters concerning plaintiff to third parties, as follows:

A. 'You're nothing in the world but trash.'

B. 'If she had money she wouldn't pay it anyway.'

C. Derrogatory (sic) remarks to Missouri State Unemployment (sic) Department, the exact contents of which are not known at this time.

"That the aforesaid language was false.

"That the plaintiff was damaged by the publication of the aforesaid defamatory remarks, in that, plaintiff was unable to receive prompt payment of unemployment compensation, plaintiff suffered mental anguish and embarrassment before friends, and plaintiff lost the value of a 1962 Corvair automobile repossessed because of the aforesaid statements, all to the plaintiff's damage in the sum of $1,000.00."

Plaintiff also demands $10,000 in punitive damages in this count.

Count IV requests payment of the sum of $830.00 in back pay under applicable Missouri statutes.

■■■ The petition for removal bases federal jurisdiction upon the diversity statute, Section 1332, Title 28, United States Code, alleging conclusively that the amount in controversy is in excess of $10,000.[1] A review of the state court petition, however, reveals on the face thereof that this allegation is correct. Under applicable Missouri law, Count I will not support any claim for actual damages because it does not contain any allegation that plaintiff was refused employment because of lack of a service letter. "[T]here must be some evidence tending to show that [plaintiff] was refused employment by reason of that fact [that he has no service letter from his employer]." Cook v. Mid-Continent Petroleum Corp., Mo.App., 193 S.W.2d 66, 69. "The law is * * * clear that an award of substantial actual damages requires evidence that the plaintiff was injured in obtaining other employment by the defendant's refusal to give a service letter." Soebbing, The Missouri Service Letter Statute, 31 Mo.L. Rev. 505, 510. Although it is said that evidence of such damage may be circumstantial, plaintiff does not state any circumstance of her having been hindered

1. The petition for removal was filed on February 22, 1971, more than 30 days after the petition had been filed in the state court and service of summons thereon obtained on the removing defendant. But diversity of citizenship was not present until February 22, 1971, when plaintiff voluntarily dismissed the petition with respect to Florence Roberts, who, like plaintiff, was a citizen of Missouri. Thus, under the provisions of § 1446(b), Title 28, United States Code, the case became removable at this time, if the jurisdictional amount was in question.

and delayed in finding additional employment because of not having the service letter.[2] Further, while an award of nominal damages might be justified, under the same authorities, and nominal damages might support an award of punitive damages, (Gerharter v. Mitchellhill Seed Co., Mo.App., 157 S.W.2d 577; Howe v. St. Louis Union Trust Company, Mo., 392 S.W.2d 625) it appears that plaintiff could not expect to recover in excess of $5,000 punitive damages on this count. "The highest award for actual damages affirmed on appeal appears to be $5,000.00." Soebbing, op. cit. supra, at 512. "The highest award for punitive damages affirmed on appeal is likewise $5,000.00." Id.; Walker v. St. Joseph Belt Ry. Co., Mo.App., 102 S.W.2d 718. The most plaintiff could expect to recover in this count is $1 nominal damages and $5,000 as punitive damages, under applicable state law.

 Count III of the petition, furthermore, will not support an award of any actual or punitive damages because it does not state any claim in slander under the applicable Missouri law. The words that plaintiff is "nothing in the world but trash" and that "If she had money she wouldn't pay it anyway" are not clearly defamatory *per se*, but require the pleading of an innuendo to establish a defamatory *per se* meaning. "In slander, the words charged to have been spoken should be understood and construed in their most innocent sense unless there are averments in the petition, giving them other and sinister meaning." Kunz v. Hartwig, 151 Mo. App. 94, 131 S.W. 721, 724. "[W]here words have two meanings, one of them harmless and the other injurious, the innuendo may properly point out the injurious meaning." Walsh v. Pulitzer Publishing Co., 250 Mo. 142, 157 S.W. 326, 328. The words which were used to indicate plaintiff's supposed reluctance to pay may have been in regard to something which would be properly left unpaid. The word "it" cannot, without more, be construed to signify a just debt. See Fenn v. Kroger Grocery & Baking Co., Mo., 209 S.W. 885; Dietrich v. Pulitzer Publishing Company, Mo., 442 S.W.2d 330, 334. Furthermore, it is arguable whether the word "trash," as applied to plaintiff, constitutes defamation per se as defined in Missouri law.[3] Assuming that the word has such a de-

---

2. In Soebbing, Missouri Service Letter Statute, 31 Mo.L.Rev. 505, 510–511, it is said that:

> "The courts have said that lack of evidence that any particular prospective employer refused to employ the plaintiff because he had no service letter will not bar his recovery of substantial actual damages if the evidence otherwise warrants a finding by the jury that the plaintiff was generally hindered and delayed in obtaining other employment by not having the letter. In other words, proof on the issue of substantial actual damages may be of a circumstantial nature."

But plaintiff does not allege that she sought, or attempted to seek, other employment. Her allegation is:

> "[D]amages are presumed to have occurred to plaintiff, and plaintiff suffered actual damages in that plaintiff had no letter of recommendation to use in seeking additional employment, and plaintiff was not advised of the true and correct reason for her discharge * * *"

That she had no letter to use in seeking employment adds nothing to the allegation that she was not issued any letter, which, standing alone, is not enough to warrant actual damages.

3. "Slander at the common law has been characterized in Missouri as ' "words falsely spoken which are injurious to the reputation of another," ' Butler v. Freyman, 1924, 216 Mo.App. 636, 260 S.W. 523, 525, and as ' "the speaking of base and defamatory words which tend to the prejudice of the reputation, office, trade, business or means of getting a living of another," ' accompanied, of course by publication. * * *" Riss v. Anderson (C.A. 8) 304 F.2d 188, 194.

In this sense, in that "trash" has a potentially unobjectionable literal meaning, it is like "bitch," "hen" or "cat" which have been held not to constitute defamatory words per se. Krone v. Block, 160 Mo.App. 624, 140 S.W. 1195.

famatory meaning, however, it does not, without more, fairly impute any of the categories for which recovery may be had of either nominal or substantial damages without proof of special damages. These categories, in Missouri law, are:

"the imputation of crime [in Missouri, the crime must be punishable by imprisonment, Kirk v. Ebenhoch, 354 Mo. 762, 191 S.W.2d 643], of a loathsome disease, and those affecting the plaintiff in his business, trade, profession, office or calling * * *. Modern statutes and decisions have added a fourth category, the imputation of unchastity to a woman." Brown v. Kitterman, Mo., 443 S.W.2d 146, 153.

And, otherwise, as is necessary, special damages are not effectively alleged in the petition. Under the provisions of Rule 9(g), F.R.Civ.P., special damages must be "specifically stated." "Where special damage must be alleged before a cause of action can be stated, the courts require a good deal of particularity, especially in the slander and libel cases: the complaint must set forth precisely in what way the special damage resulted from the spoken or written words; it is not sufficient to allege generally that the plaintiff has suffered special damages, or that the party has been put to great costs and expenses." 2A Moore's Federal Practice ¶9.08, p. 1974; see also Erick Bowman Remedy Company v. Jensen Salsbery Laboratories (C.A. 8) 17 F.2d 255, 52 A.L.R. 1187 [4]; Barton v. Barnett (N.D.Miss.) 226 F.Supp. 375. In the petition, plaintiff alleges:

"That the plaintiff was damaged by the publication of the aforesaid defamatory remarks, in that, plaintiff

was unable to receive prompt payment of unemployment compensation, plaintiff suffered mental anguish and embarrassment before friends, and plaintiff lost the value of a 1962 Corvair automobile repossessed because of the aforesaid statements, all to the plaintiff's damage in the sum of $1,000."

It is not stated in what way the special damage resulted from the spoken or written words and the connection is not inferable from the allegations. Special damages are thus not "specifically stated" in accordance with Rule 9(g), *supra*.

■ Count II appears to state a claim in assault and battery and Count IV may state a proper claim for back pay. As noted above, plaintiff's recovery on Count I would be limited to the sum of $5001.00. In Count IV, $830.80 are asked. In Count II, plaintiff demands actual damages of $1,000 and punitive damages of $10,000. Therefore, if it appears legally certain under the applicable state law that plaintiff could not recover in excess of $3168.20 in punitive damages, federal diversity jurisdiction fails for lack of the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S. Ct. 586, 82 L.Ed. 845. It is the duty of this Court to determine whether it is "legally certain" that no more than approximately $3168.20 in punitive damages could be recovered. Brown v. Bank of America National Trust and Savings Assn. (N.D.Ill.) 281 F.Supp. 82, 84. Though some cases most favorable to plaintiff restrict the district court's authority in cases involving actual damages claimed in good faith, e. g., Jaconski v. Avisun Corporation (C.A. 3) 359 F.2d 931, the district court can exercise a legal judgment in determining wheth-

---

4. In Continental Nut Company v. Robert L. Berner Company (C.A. 7), 345 F.2d 395, the *Erick Bowman* case was not followed in that it was not required that plaintiff specify the particular customers lost. In that case, it was noted, however, that plaintiff had specified gross sales both before and after the publication and averred that the decrease in sales was the "natural and proximate result" of the letter containing the allegedly defamatory material. In the case at bar, plaintiff neither states how or whether the losses were to be considered to follow from the publications nor is it specified the respective amounts of special damages when such would have been easy to specify.

er it is legally certain that the damages as claimed cannot be recovered when punitive damages are involved. Alexander v. B–W Acceptance Corporation (W.D. Mo.) 311 F.Supp. 299, 300 and cases there cited.

Under Missouri law, punitive damages are allowed in proportion to the degree of malice, criminality or contumely characterizing the act, to age, sex, health and character of the injured party, the intelligence, standing and affluence of the tort-feasor and other like circumstances. Wehrman v. Liberty Petroleum Co., Mo.App., 382 S.W.2d 56. Further, although an award of punitive damages need bear no relation to the damages allowed by way of compensation, they must bear some relation to the injury. Wehrman v. Liberty Petroleum Co., *supra;* Beggs v. Universal C.I.T. Credit Corp., Mo., 409 S.W.2d 719. In the case at bar, plaintiff claims an injury, the severity of which can be compensated by an award of $1,000. To be able to recover enough punitive damages to establish federal diversity jurisdiction, she would have to be able to recover over three times that much in order to make the jurisdictional amount. In Missouri jurisprudence, it appears legally certain that such an amount is out of proportion to the injury claimed. In Thompson v. St. Louis Public Service Co., Mo.App., 242 S.W.2d 299, it was held that an award of $3,500 for fracture of two front teeth and humiliation and mental suffering was excessive by at least $1,500. Greater damages would not appear to be warranted by this case in which plaintiff alleges aggravation of a pre-existing arthritic condition and headaches, as well as mental anguish. In Cook v. Housewirth, Mo.App., 254 S. W.2d 283, and Chism v. Cowan, Mo., 425 S.W.2d 942, greater awards of punitive damages were upheld on appeal in assault and battery cases. But those cases involved aggravated circumstances in almost all the respects outlined in Wehrman v. Liberty Petroleum Co., *supra,* and are not comparable to the case at bar.

For the foregoing reasons, it is deemed by this Court "legally certain" that plaintiff could not recover enough in punitive damages under the law of Missouri to establish the jurisdictional amount necessary for federal diversity jurisdiction.

It is therefore

Ordered that this cause be, and it is hereby, remanded to the Circuit Court of Jackson County.