Melvin **ANTHONY**, Administrator of the Estate of Hattie Mae Anthony, Plaintiff,

v.

**UNITED INSURANCE COMPANY OF AMERICA**, Defendant.

Civ. A. No. AC–1626.

United States District Court
E. D. South Carolina,
Aiken Division.

April 2, 1965.

———◆———

Garvin, Williamson & Grant, Aiken, S. C., for plaintiff.

Henderson, Salley, Cushman & Summerall, Aiken, S. C., for defendant.

SIMONS, District Judge.

This is an action, which was brought originally by plaintiff against defendant in the Court of Common Pleas for Aiken County, South Carolina, by the service of the summons and complaint upon the Chief Insurance Commissioner of South Carolina, as agent for the defendant, on or about December 29, 1964, wherein plaintiff demands judgment against defendant in the sum of $50,-000.00, actual and punitive damages.

Thereafter, on or about January 18, 1965, defendant, acting under the provisions of Title 28 U.S.C. § 1332, removed said cause from said Court to this court by the filing of a proper cost bond and its petition for a removal, wherein it alleges that said action is a controversy wholly between citizens and residents of different states, since plaintiff is a resident of, and appointed as administrator in, the State of South Carolina, and that the defendant is a corporation of a state other than South Carolina, and that the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional amount of $10,000.00.

On or about January 18, 1965, defendant filed its answer and counterclaim, and made a formal demand in accordance with the Federal Rules of Civil Procedure for a jury trial.

This case was set for trial during the two-week term of this court commencing March 22, 1965. At a pretrial conference, the pleadings and issues were considered and discussed.

The complaint alleges that, on or about the 29th day of December, 1962, an agent of defendant approached plaintiff's intestate about buying life insurance; that the agent assured the deceased that she was eligible for life coverage under a policy of his company even though she had high blood pressure and would not be eligible for hospital and accident insurance; that these representations were made to the deceased by defendant's agent falsely and fraudulently, with intent to defraud the deceased, which said representations were known by the said agent to be false at the time they were made. That the deceased relied on said false and fraudulent representations and was thereby induced to purchase the policy of life insurance which the defendant issued upon the life of the deceased

on January 21, 1963, for the sum of $1,000.00 death benefits at a weekly premium rate of $1.57; that said policy was duly delivered by defendant's agent to the deceased and she was assured that she was fully covered by the policy; that shortly thereafter the deceased died of a cerebral hemorrhage, and the defendant refused to pay the life benefits provided by its policy. The complaint demands judgment against the defendant for $50,000.00, actual and punitive damages.

In its answer defendant admits the issuance of its life insurance policy to the deceased on January 21, 1963, in the principal sum of $1,000.00, for a weekly premium of $1.57; and that three of said weekly payments totaling $4.71 were paid by the deceased to the defendant. It further admits that plaintiff's intestate, Hattie Mae Anthony, died as a result of a cerebral hemorrhage on or about January 29, 1963, and that it refused to pay the claim filed under the terms and provisions of the policy. The answer further alleges that, because of the physical condition of Hattie Mae Anthony, which was well known to her at the time of her application for said policy, and which condition the policy required to be referred to in the policy or the written application therefor, the defendant denied coverage under the said policy, when it learned of the facts in the case, and tendered to the plaintiff or the beneficiary the sum of $4.71, which had been paid to it in premiums. Defendant further alleges that plaintiff is entitled to receive only the sum of $4.71. The defendant asks that the relief prayed for by the plaintiff be refused; that the policy referred to in the complaint be declared void and vacated, and that the plaintiff be entitled to receive and accept the sum of $4.71 tendered to him by the defendant.

From the pleadings and the statements made to the court by plaintiff's counsel, it appears that this is an action for fraud and deceit commenced by plaintiff against defendant, based upon the issuance of a life policy in the principal sum of $1,000.00.

It clearly appears that the maximum amount of actual damages to which plaintiff would be entitled under any view of this cause of action would be the sum of $1,000.00, the face amount of the policy in issue, exclusive of interest and costs.

In his prayer for relief in the complaint plaintiff asks for $50,000.00, actual and punitive damages. Assuming that upon a trial of the case a jury should, in addition to actual damages, award punitive damages to the plaintiff in this case, I am completely convinced that any verdict approaching or in excess of the jurisdictional amount would not be allowed to stand under the facts in this case. Thus, I am led to the inescapable conclusion that the jurisdictional amount as required by Title 28 U.S.C. § 1332, does not properly exist under the facts of this case, and that consequently this court does not have jurisdiction. Now, therefore, the court, upon its own motion, does hereby remand this cause to the Court of Common Pleas for Aiken County, South Carolina, from which it was removed to this court.

And it is so ordered.