**PETROLEUM TRANSIT COMPANY, Inc., Plaintiff,**

v.

**Edwin A. COPELAND, Administrator of the Estate of Elbert Allen Simmons, deceased, Defendant.**

**Civ. A. No. 7599.**

United States District Court
E. D. South Carolina,

Florence Division.

Heard March 5, 1965.

Decided April 16, 1965.

See also 32 F.R.D. 445.

C. Weston Houck, Willcox, Hardee, Houck, Palmer & O'Farrell, Florence, S. C., for plaintiff.

John M. Scott, Wright, Scott, Blackwell & Powers, Florence, S. C., for defendant.

HEMPHILL, Chief Judge.

Motion has been made for Summary Judgment in this action for property damage on the basis of the record of a former trial involving personal injuries which resulted in a judgment for the defendant, who is the plaintiff in the instant action.

The merits or the propriety of this motion cannot, will not, be passed upon because it appears from the record before the Court that the jurisdictional amount provided for by statute has not been met.[1] The Court is raising this issue *sua sponte* as it is authorized to do.

A determination such as this by the Court is not easy, because the resolution of the amount in controversy cannot be made dependent on the amount ultimately recovered by the plaintiff. This would make jurisdiction dependent upon speculation by the trial court as to the final outcome, or would necessitate a preliminary trial to determine if the jurisdictional amount is present, thereby duplicating the regular trial on the merits; or this would result in a wasteful jurisdictional dismissal, after full presentation, because the outcome did not come up to the jurisdictional amount of $10,-000.00. This obviously is not satisfactory. However, jurisdiction certainly cannot be established by the plaintiff simply making an appropriate demand. Jurisdiction could be created frivolously, clearly circumventing the Congressional will. As eminent authority has noted: "the court should not entertain the suit if the claim for the jurisdictional amount is entirely without merit, but the court should not decide the merits of the case in making that determination." Wright on Federal Courts (1963) § 33.

The Supreme Court established that "[t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845.

Obviously, mere belief by the Court that plaintiff will not recover the amount demanded is not a sufficient basis to deny jurisdiction; it must appear to a legal certainty. St. Paul Mercury Indemnity Co. v. Red Cab Co., supra and see Barry v. Edmunds, 116 U.S. 550, 6 S.Ct. 501, 29 L.Ed. 729; Bell v. Preferred Life Assurance Society, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15. The fact that plaintiff makes demand for actual as well as punitive damages does not simplify the problem for the Court.

Noting the "admitted" facts for a moment, it appears that a collision occurred near the intersection of two highways ten miles east of Bishopville, South Carolina. Prior to the accident the plaintiff's tractor-trailer was being operated in a southerly direction on U. S. Highway 401 and the defendant's testator was operating his 1958 Oldsmobile in an easterly direction on S. C. Highway 341. There was a stop sign on S. C. Highway 341 at the intersection. As the plaintiff's tractor-trailer approached the intersection, defendant's testator came through the stop sign that was facing

---

1. See 28 U.S.C. § 1332.

him and the two vehicles collided in the intersection. Plaintiff's testator was killed and the cause of action for his death was tried before Honorable Charles E. Simons, Jr., United States District Judge, in the Columbia Division. Judge Simons found for the defendant, plaintiff here.

In accordance with a local rule, plaintiff filed a trial brief with this Court which outlined the property damage for which prayer was made, viz.: total repairs to tractor, including wrecker service, $1,294.89; loss of use for 30 days, $3,000.00; and repairs to trailer, $100.-00. The total property damage is thus $4,394.89. As noted before, there is also a prayer for punitive damages.

■ As regards punitive damages, there is no theoretical top limit for same, but viewed realistically, as this Court must, in an action by a corporate defendant for property damage against the executor of a deceased, giving plaintiff the benefit of every doubt and inference, there would simply never be an award sustainable near the jurisdictional minimum of $10,000.00. Note the discussion by Judge Simons in Anthony v. United Ins. Co., 240 F.Supp. 95 (E.D. S.C.1965) (Filed April 1, 1965).

As was stated in Swan Island Club v. Ansell, 51 F.2d 337, 339 (4th Cir. 1931):

"It has been uniformly held by the federal courts that the test of jurisdiction * * * is the value of the object to be gained by the suit * * *. Of course, the mere allegation of the plaintiff that the amount in controversy exceeds (the jurisdictional amount) * * * will not suffice where it is apparent from the plaintiff's own statement of the case, or from the proof, that by no legal possibility can the plaintiff's claim amount to so much."

■■ Entitlement to use this forum must be proved. Even though the jurisdictional amount is admitted, this Court is not bound to *ipso facto* accept jurisdiction. Employers Casualty Co. v. Kline Oldsmobile, Inc., 210 F.Supp. 269,

270 (D.Minn.1962). "Jurisdiction of the subject matter cannot be conferred by consent, waiver or conduct of the parties, and unless jurisdiction is made to appear from the face of the record the Court will dismiss the action on its own motion." 1 Barron & Holtzoff (Wright Ed.) § 21, p. 91.

Observe too the reasoning in Kantor v. Comet Press Books Corp., 187 F.Supp. 321, 322 (S.D.N.Y.1960) where the Court said:

"While the amount claimed by the plaintiff in his prayer for relief is prima facie sufficient to sustain the complaint, the allegation of jurisdiction may be attacked, and the burden of proof always rests upon the party asserting existence of jurisdiction. * * * There is no statutory direction as to the procedure to be followed in determining whether the prerequisites to jurisdiction exist. The manner in which such a determination should be made is left to the trial court. * * * The issue may be determined by affidavits. * * * Or the court may determine the issue by oral testimony and other evidence."

Based upon the cases cited and the reasoning heretofore set out, the conclusion is inescapable that the jurisdictional minimum does not exist in this case. There is a legal certainty that the facts disclosed in the pleadings and by statement of counsel, giving them the most favorable inference, would not and could not sustain an award near $10,000.00. Accordingly, this action will be dismissed.

The Court wishes to take this opportunity to salute plaintiff's counsel for his integrity, though nothing less than that would be expected, in setting out his damages as was done here. This type action is in the highest tradition of the profession.

Therefore this action is dismissed, with costs to follow.

And it is so ordered.