J. Harry HAMER, Plaintiff,

v.

Clyde CHILTON, Coy Pate, A. F. Currin and Twin States Warehouse Corporation, trading and d/b/a Growers Warehouse, Defendants.

Civ. A. No. 8148.

United States District Court
E. D. South Carolina.

Florence Division.

Heard June 15, 1965.

Decided June 16, 1965.

P. H. McEachin, Florence, S. C., appeared on behalf of Marion Kinon, Herbert Britt, and W. B. Hawkins, Dillon, S. C., for plaintiff.

D. Laurence McIntosh, Florence, S. C., appeared on behalf of Wright, Scott, Blackwell & Powers, Florence, S. C., for defendants.

HEMPHILL, District Judge.

Plaintiff moves for voluntary dismissal under provisions of Rule 41(a) (2) [1] Federal Rules of Civil Procedure. Able counsel for plaintiff and defendant concurred in orally advising the court that the injuries and damages to plaintiff (without agreement as to the proximate cause thereof), as revealed by medical examinations and deposition(s) thereafter, were not of sufficient amount and calculation to give this court jurisdiction.[2] At the hearing of the motion no real contest was had, and the court finds same proper, and directs the Clerk to enter dismissal.

This Court has previously [3] evidenced its reliance on the direction expressed

---

1. "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

2. 28 U.S.C. §§ 1331 and 1332(a) each provide jurisdiction "where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs."

3. Petroleum Transit Co., Inc. v. Copeland, 240 F.Supp. 585 (E.D.S.C.1965).

in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845:

> [t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

When the complaint was filed in this case counsel were of the opinion, as advised by medical specialists, that the physical condition of plaintiff (a stroke) could and should be related to the alleged injury allegedly proximately caused by negligence of defendant(s). When the facts revealed otherwise the court was properly advised in the motion. Good faith is evident throughout.

A plaintiff generally has the right to a voluntary dismissal, upon the payment of the defendant's costs, unless it appears that the defendant would suffer from plain legal prejudice other than the mere prospect of a second lawsuit. Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 217, 67 S.Ct. 752, 91 L.Ed. 849. This Court, having the right [4] to grant the motion under terms and conditions just and proper and protective to the parties and the Court, assesses no attorney fees, but directs that plaintiff shall pay, or cause to be paid, as prerequisite to dismissal, $30 costs which the Clerk shall reimburse to defendants' counsel for expenses incurred.

And it is so ordered.

---

4. See Home Owners Loan Corp. v. Huffman (8 C.A.1943) 134 F.2d 314; Barnett v. Terminal R. Ass'n of St. Louis (8 C.A. 1953) 200 F.2d 893, cert. den. 73 S.Ct. 938, 345 U.S. 956, 97 L.Ed. 1377.