**Stephen M. FRANCIS, Plaintiff,**

v.

**Jay A. BOTHWELL, Defendant.**

**Civ. A. No. 66–C–19.**

United States District Court
D. Colorado.

Feb. 9, 1967.

---

Richard J. Bernick and Walter L. Gerash, Denver Colo., for plaintiff.

Wood, Ris & Hames, Eugene S. Hames, Denver, Colo., for defendant.

## MEMORANDUM
## OPINION AND ORDER

CHILSON, District Judge.

The plaintiff instituted this action on January 11, 1966, to recover damages which he alleges he sustained in an automobile accident which occurred on September 18, 1963, in the City of Holly, Colorado. The complaint alleges that the plaintiff was a resident of the State of California, the defendant a resident of the State of Colorado, that the amount in controversy exceeds the sum of $10,-000.00, that the plaintiff suffered permanent injuries, medical expense and loss of wages and that the medical expenses and loss of wages "are still being incurred and are unknown to date." The plaintiff prayed for judgment against the defendant in the amount of $50,000.00.

The case was tried to a jury beginning January 17, 1967, and on January 18, 1967, the jury rendered a verdict in the amount of $2,000.00 in favor of the plaintiff and against the defendant.

The Court did not accept the verdict because prior to the submission of the case to the jury, the Court had expressed doubt that the jurisdictional amount had been alleged in good faith and therefore questioned the jurisdiction of the Court.

After the jury had returned its verdict, the Court gave the parties five days within which to file a memorandum brief upon the question of jurisdiction. The plaintiff has filed such brief and the Court has considered it. The defendant has not seen fit to file a brief.

During the course of the trial, plaintiff's counsel advised the Court and jury that the plaintiff had been involved in another accident on or about February 27, 1964, and that plaintiff was making no claim in this case for permanent disability or any disability or damages incurred or arising after February 27, 1964.

The evidence in the trial disclosed that the plaintiff was proceeding on a through street in Holly, Colorado, when the collision occurred between an automobile driven by the plaintiff and an automobile driven by the defendant. The only damage to plaintiff's automobile was to the left front headlight, left front fender and a radio tube or tubes which plaintiff testified did not work after the collision.

The plaintiff told the investigating police officer that he had suffered no injury and the plaintiff continued on his vacation trip after only minor repairs to his automobile.

Plaintiff testified that later he began to have pains in his neck and back and upon his return to California, in the later part of September, he was unable to perform his work, which required the lifting of newspaper plates weighing 30 to 40 pounds. The total damages, as shown by the evidence, exclusive of pain and suffering, totaled $3,884.17. This amount included loss of wages from September 27, 1963 to February 27, 1964, in the amount of $3,080.00. From the evidence, and viewing the same most favorably to the plaintiff, the Court concludes that the plaintiff could not in good faith claim a sum in excess of

$6,000.00 for pain and suffering for the period from September 18, 1963, to February 27, 1964.

The suit in this Court was not instituted until January 11, 1966, almost two years after the plaintiff's second accident. Plaintiff knew or should have known at that time that the extent of his claim against defendant was less than $4,000.00 exclusive of pain and suffering and if he did not know it at the time the suit was instituted, he certainly knew it at the time trial commenced.

The Court finds that the evidence does not sustain the allegations in the complaint that the amount in controversy exceeds the sum of $10,000.00 and the Court finds that such allegation in the complaint was not made in good faith.

The Circuit Court of Appeals, Tenth Circuit, in F & S Construction Company, Inc. v. Jensen, 337 F.2d 160 stated:

"It is now settled that when there is an issue as to the sufficiency of the jurisdictional amount, the burden of proving jurisdiction is on the party asserting it. City of Lawton, Okl. v. Chapman, 10 Cir., 257 F.2d 601; McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135. Furthermore, statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction. Aetna Ins. Co. v. Chicago, R. I. & P. R. R., 10 Cir., 229 F.2d 584; Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248.

"Ordinarily the amount claimed by the plaintiff in pleadings controls if the claim is apparently in good faith, even though the recovery is less than the jurisdictional amount. But if it is established, as a matter of law, before trial or during the trial, that the plaintiff was not entitled to recover an amount equal to the jurisdictional requirement, the court does not have jurisdiction. The test enunciated in St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.St. 586, 590, 82 L.Ed. 845 is:

'But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.'"

Having found that the allegation of the jurisdictional amount was not made in good faith, the Court concludes that it has no jurisdiction in this case and that the case should be dismissed without prejudice for lack of jurisdiction.

It is therefore ordered that the jury's verdict is hereby set aside and the Clerk shall forthwith enter judgment of dismissal of this action without prejudice and without judgment for any costs.