Dorothy BROWN, Plaintiff,

v.

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, a corporation, Automobile Recovery Bureau, Inc., a corporation, and Paul Bishop and Lueet Bishop, doing business as National Bureau of Investigation, Defendants.

Benjamin F. BROWN, Plaintiff,

v.

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, a corporation, Automobile Recovery Bureau, Inc., a corporation, and Paul Bishop and Lueet Bishop, doing business as National Bureau of Investigation, Defendants.

Nos. 67 C 1325, 67 C 1326.

United States District Court
N. D. Illinois, E. D.

March 13, 1968.

Louis S. Feinn, Chicago, Ill., for plaintiffs.

Edward Rothbart, Joseph Stein and Thomas E. Moran, Chicago, Ill., for defendant Bank of America National Trust and Savings Assn.

Zenoff, Westler, Jones & Kamm, Chicago, Ill., for defendant Automobile Recovery Bureau, Inc. and Paul and Lueet Bishop d/b/a National Bureau of Investigation.

## MEMORANDUM AND ORDER ON MOTIONS TO DISMISS

ROBSON, District Judge.

This is a diversity action brought by plaintiffs, Indiana citizens, against defendant Bank of America National Trust and Savings Association, a national banking association located in California, and defendants Automobile Recovery Bureau, Inc., and Paul and Lueet Bishop doing business as the National Bureau of Investigation, both Illinois citizens. Plaintiffs allege that on May 27, 1964, they purchased a 1962 Chevrolet Impala which was financed by defendant Bank. The purchase price of $2,712.30 was to be paid in 30 monthly installments of $65.41, beginning July 5, 1964. Plaintiffs left California and returned to their home in Michigan City, Indiana. Plaintiffs allege that they paid all the installments when due. Plaintiffs further allege that on July 31, 1965, the defendants Automobile and National came to their home and they gave the defendants a check for $68.41, which represented their regular monthly payment plus a late charge. These defendants were apparently acting on behalf of the defendant Bank of America National Trust and Savings Association.

Plaintiffs also allege that on August 3, 1965, defendants National and Automobile broke into the car and repossessed it in the name of the Bank of America National Trust and Savings Association and transported it to California. An explanation of this repossession came from the defendant National in the form of a note dated August 3, 1965, from defendant Lueet Bishop. The note informed them that the Bank of America National Trust and Savings Association did not receive the check (the same one, apparently, that was collected on July 31, 1965), and that anyway, a *certified* check would be necessary. The plaintiffs allege that they had no knowledge of this requirement. The Bank informed the plaintiffs on August 10 that the car was in California, and, if payment of $1227.38 was not made by August 20 the car would be sold, with the plaintiffs liable for any deficiency.

The defendant Bank of America National Trust and Savings Association has moved to dismiss this suit as to them on the ground that the required venue as to national banks, 12 U.S.C. § 94, has not been secured. The plaintiff argues that the venue statute is unconstitutional. The other defendants have moved to dismiss on the ground that the amount in controversy does not exceed the required $10,000. The Bank of America National Trust and Savings Association's motion will be considered first.

■■ The venue statute for national banks,[1] if constitutional, would not give this court jurisdiction over the defendant Bank without its consent. The plaintiff argues that this statute is unconstitutional because it violates the fundamentals of due process by being an unreasonable, arbitrary and capricious exercise of Congressional power. The United States Supreme Court has disagreed with plaintiff's position. In Mercantile Na-

1. 12 U.S.C. § 94, which reads: "Actions and proceedings against any association under this chapter may be had in any district * * * court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

tional Bank at Dallas v. Langdeau, 371 U.S. 555, at 559, 83 S.Ct. 520, at 522, 9 L.Ed.2d 523 (1963), the court said:

" * * * *Unquestionably* Congress had authority to prescribe the manner and circumstances under which the banks could sue or be sued in the courts." (Emphasis added.)

This court is of the opinion that the venue provision for national banks has been determined beyond doubt to be constitutional. See also Michigan National Bank v. Robertson, 372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961 (1963), and Buffum v. Chase National Bank of City of New York, 192 F.2d 58 (7th Cir. 1951), cert. denied 342 U.S. 944, 72 S.Ct. 558, 96 L.Ed. 702. On this ground, therefore, it is hereby ordered that defendant Bank of America National Trust and Savings Association's motion to dismiss be granted.

The defendants, Automobile Recovery Bureau, Inc. and Paul and Lueet Bishop doing business as the National Bureau of Investigation, have moved to dismiss on the ground that the amount in controversy could not reasonably exceed the jurisdictional minimum. The plaintiffs have claimed a total of $3,315 in actual damages, and $50,000 in punitive damages. The punitive damages are demanded as a result of the acts of the defendants in repossessing the car, which were allegedly "malicious, willful, unlawful, wrongful, harmful and injurious." The plaintiffs allege further that Mrs. Brown, who was pregnant at the time, became "seriously ill" as a result of a reduction and delay in her visits to the doctor because of the loss of the car. However, the plaintiffs also allege (and claim actual damages for) the use of taxicabs, borrowed automobiles and rented vehicles in place of the repossessed car. In addition, the plaintiffs claim that they suffered inconvenience, "mental and bodily suffering, * * * loss of honor, * * * psychosis, worry, nervousness."

■ The purpose of the jurisdictional amount is to remove from the federal courts claims which are insubstantial in character, Brown v. Bodak, 188 F.Supp. 532 (S.D.N.Y.1960), and to avoid encroaching on the jurisdiction of the state courts in diversity cases, Johns-Manville Sales Corp. v. Chicago Title and Trust Co., 261 F.Supp. 905 (N.D.Ill.1966). This court can dismiss an action for not meeting the jurisdictional minimum if it appears to a "legal certainty that the claim is really for less than the jurisdictional amount." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 990 (1961).

■ In computing the jurisdictional amount, punitive damages can be included, but the claim will be scrutinized even more carefully than would a claim of actual damages. Gauldin v. Virginia Winn-Dixie, Inc., 370 F.2d 167, 170 n. 1 (4th Cir. 1966); F & S Construction Co., Inc. v. Jensen, 337 F.2d 160 (10th Cir. 1964). The jurisdictional minimum cannot be reached in this case without adding the exemplary damages. It is thus the duty of this court to determine whether it is "legally certain" that approximately $7,000 in punitive damages could not be recovered.

■ Several cases appear to restrict the District Court's discretion in matters of this type by allowing the District Court to dismiss only in the "plainest" circumstances. E. g., Jaconski v. Avisun Corporation, 359 F.2d 931 (3rd Cir. 1966). In those cases, however, there was no demand for punitive damages. They were concerned with actual damages, and whether the good faith allegations were over the jurisdictional limit. Where, as here, punitive damages are involved, the judge can exercise more discretion in determining whether the damages as claimed could be recovered. Petroleum Transit Co. v. Copeland, 240 F. Supp. 585 (E.D.S.C.1965); Anthony v. United Insurance Co., 240 F.Supp. 95 (E.D.S.C.1965); Thomas v. Travelers Ins. Co., 258 F.Supp. 873 (E.D.La.1966); Francis v. Bothwell, 263 F.Supp. 354 (D. Colo.1967).

In view of the policy behind the jurisdictional minimum, this court finds that this case is not properly brought here. Under no conceivable reading could this complaint bring the plaintiffs anywhere near the jurisdictional amount. It is admitted that the plaintiffs secured substitute transportation after their car was repossessed, even though these substitutes were borrowed or rented. The plaintiffs are even claiming actual damages for the cost of borrowing or renting these vehicles.

The court is of the opinion that the complaint on its face reveals that an amount in excess of $10,000 is not involved, and that the plaintiffs' claims for sums in excess of that amount are not made in legal good faith, but that they are, instead, mere colorable claims asserted for the purpose of invoking the jurisdiction of the court. This contravenes the policy behind 28 U.S.C. § 1332.

It is, therefore, ordered that the motions to dismiss by the defendants Automobile Recovery Bureau, Inc., and Paul and Lueet Bishop doing business as the National Bureau of Investigation, should be and are hereby granted.