**Lucretia Thomas OGDEN**

v.

**David Eugene COX and M. E. Cox, Jr.**

**Civ. A. No. 11437.**

United States District Court
N. D. Georgia,
Atlanta Division.

Oct. 21, 1968.

O'Connor & Kleiner, Atlanta, Ga., for plaintiff.

Nall, Miller, Cadenhead & Dennis, Atlanta, Ga., for defendants.

## ORDER

EDENFIELD, District Judge.

In this diversity action for damages, defendants have moved to dismiss the action on the ground that plaintiff has failed to meet the test as to the amount in controversy required under 28 U.S.C. § 1332. Movants assert that the amount sued for, $100,000, is a claim not only worth less than $10,000 to a "legal certainty", but that plaintiff's claim is "colorable", being made in bad faith which is borne out, as movants assert, by plaintiff's conduct in both the progress of the action and in prior events.

When a plaintiff seeks to gain relief which is difficult to define in terms of money, there is often confusion as to whether the requisite amount has been properly alleged. See 1 Moore, Federal Practice ¶ 0.91[1], n. 2. In this area, the oft-cited case of St. Paul-Mercury

Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), sets out the basic approach to be followed:

> "The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts. The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is *apparently made in good faith.* * * * (I)f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed *or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount,* and that his claim was therefore *colorable* for the purpose of conferring jurisdiction, the suit will be dismissed." 303 U.S. at 288, 289, 58 S.Ct. at 590. (Emphasis added.)

See also Barron & Holtzoff, Federal Practice & Procedure § 24, n. 50, and cases cited therein.

It is well at this point to look to the facts and proofs in this case. Plaintiff, a minor when the suit was filed, was a passenger in an automobile driven by defendant David Eugene Cox, after a party where they had first met. Both had been drinking. Cox's car struck a parked automobile, causing plaintiff to be thrown against the steering wheel and dashboard of defendant's car. Plaintiff lost four teeth, suffered a tongue and lip laceration, and underwent an esophagus operation, for which she demands $2,153.64 special damages. This amount includes all medical expenses and lost earnings. The remainder of the amount claimed is based upon allegations of pain and suffering and future medical expenses.

Prior to filing the complaint, plaintiff, by and through her attorney, offered to settle the claim for $6,500.00.

After filing suit, plaintiff made a further settlement offer of $10,000.00, and this was followed, curiously, with an offer of $10,000.01.

At this time, as appeared when the case came on for pretrial, plaintiff is demanding $5,500.00 as against an offer of $5,000.00 by defendants, and the parties are deadlocked at that point.

▮ Where pain and suffering are alleged in an action for damages, the court need not accept the jurisdictional amount as alleged. Turner v. Wilson Line of Massachusetts, 242 F.2d 414 (1st Cir., 1957). The burden of establishing the jurisdictional amount is upon the plaintiff when the amount is controverted. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Buck v. Gallagher, 307 U.S. 95, 59 S.Ct. 740, 83 L. Ed. 1128 (1939). Further, jurisdictional statutes are to be strictly construed, and doubts resolved *against* federal jurisdiction. Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248 (1934); Aetna Ins. Co. v. Chicago, R. I. & P. R. Co., 229 F.2d 584 (10th Cir., 1956); Francis v. Bothwell, 263 F.Supp. 354 (D. Colo., 1967).

▮ In this case, whether or not $10,000 could be gained is speculative, at best. The court feels, however, that it is authorized to find under the facts and the law as above stated, that plaintiff's conduct does not support her own allegations of a $10,000 claim, that a claim of greater than $10,000 is so doubtful as to be "colorable", and therefore does not meet the jurisdictional standard. It is felt that a not dissimilar view has often been taken. For instance, in Mintz v. DeBiase, 236 F.Supp. 654 (D. Mass., 1964), where plaintiff suffered injuries that resulted in three weeks of hospitalization, two months in plaster casts, six weeks in a brace, and continuing pain and discomfort, Judge Wyzanski summarily found that plaintiff's and her counsel's statements showed that a judg-

ment as high as $10,000 would not be justified. In an automobile collision case where the evidence showed actual damages of $3,884.17 combined with pain and suffering allegations, the court also found that the evidence could not sustain a $10,000 claim. Francis v. Bothwell, supra. And in Leehans v. American Employers Ins. Co., 273 F.2d 72 (5th Cir., 1959), where disablement and disfigurement resulted from acid burns, the court upheld a finding that where pain and suffering make up the greater part of a $13,045 claim, the district court was authorized to refuse jurisdiction.

The court is not unaware of the line of cases represented by Santiesteban v. Goodyear Tire & Rubber Co., 306 F.2d 9 (5th Cir., 1962), holding that in absence of a legal certainty that the claim is for less than the jurisdictional amount, it is error to dismiss the complaint. That is one true test of the worth of such an allegation, as is explicitly stated by the Supreme Court in the portion of *St. Paul-Mercury,* supra, quoted herein. But *St. Paul-Mercury* also states an alternative test (" * * * or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount * * *.") based upon an *apparent lack* of good faith, in which event the court is authorized to find that the claim is "colorable". It is this alternative test that the court applies here. On the question of good faith, the successive offers to accept $6,500.00, $10,000.00 and $10,000.01 speak very loudly, and to the court betray an awareness on the part of plaintiff herself, that the jurisdictional amount was not present. The present demand for (or offer to accept) $5,500.-00 does nothing to dispel this impression.

The court concludes, therefore, that, to say the very least, the plaintiff has not carried the burden of proof on this issue, and the motion to dismiss is granted.