Sarah **ALEXANDER**, Plaintiff,

v.

**B–W ACCEPTANCE CORPORATION,**
Defendant.

Civ. A. No. 16854–3.

United States District Court,
W. D. Missouri, W. D.

Aug. 11, 1969.

**300**

Edmond J. McElligott, Phillips, Rice & McElligott, Independence, Mo., for plaintiff.

Dennis G. Muller, Muller & Muller, Kansas City, Mo., for defendant.

## ORDER DENYING MOTION TO STAY AND REMANDING CASE TO THE CIRCUIT COURT OF JACKSON COUNTY

BECKER, Chief Judge.

The petition herein (the state counterpart of a complaint for damages in the federal district court) alleges that the defendant wrongfully sold or caused to be sold personal property of plaintiff of the value of $1,039.90 without the knowledge or consent of the plaintiff during the pendency of defendant's replevin suit against plaintiff in the 7th District Magistrate Court of Jackson County, Missouri; that the judgment in that suit gave plaintiff the possession of said property and defendant judgment for $110.20 plus costs; that said judgment was "affirmed" by the judgment of the Circuit Court of Jackson County; that the judgment of the Circuit Court of Jackson County was then appealed to the Kansas City Court of Appeals, which appeal is still pending; and that because of the allegedly wrongful sale, plaintiff's property was converted and she was thereby damaged in the amount of $1,500. Plaintiff further prays for $50,000 in punitive damages on the allegation that in selling the property or causing it to be sold, "defendant acted wrongfully and with malice and with the intent to injure, vex and annoy the plaintiff." The cause was removed to this Court by the filing of defendant's petition for removal and bond on March 28, 1968, under the provisions of § 1446 of Title 28, United States Code.

Thereafter, on April 4, 1968, the defendant filed its motion to stay this action because of the pendency of the appeal in the Kansas City Court of Appeals. Defendant's position on that motion was that the appeal would decide questions of fact and law which would be binding in the case at bar by the doctrine of collateral estoppel.

The jurisdiction of this Court, however, has been wrongfully invoked in the first place. The motion to stay should therefore be denied and the cause remanded to the Circuit Court of Jackson County, in which it was originally filed. The petition for removal was based on diversity of citizenship between plaintiff, a citizen of Missouri, and defendant, which is allegedly a corporation organized and existing under the laws of Delaware with its principal place of business in the State of Illinois. The complaint, however, asks only $1,500 in actual damages. Therefore, if it appears legally certain under the applicable state law that plaintiff could not recover over $8,500 in punitive damages, federal diversity jurisdiction fails for lack of the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845. It is the duty of this Court to determine whether it is "legally certain" that approximately $8,500 in punitive damages could not be recovered. Brown v. Bank of America National Trust and Savings Assn. (N.D.Ill.) 281 F.Supp. 82, 84. Though many cases restrict the district court's authority in cases involving actual damages claimed in good faith, e. g. Jaconski v. Avisun Corporation (C.A.3) 359 F.2d 931, the district court can exercise a legal judgment in determining whether it is legally certain that the damages as claimed can not be recovered when punitive damages are involved. Brown v. Bank of America National Trust and Savings Assn., *supra;* Petroleum Transit Co. v. Copeland (E.D.S.C.) 240 F.Supp. 585; Anthony v. United Insurance Co. (E.D.S.C.) 240 F.Supp. 95.

Under these principles, it appears legally certain that on the facts stated in the petition construed favorably to plaintiff, the plaintiff could not recover over $8,500 in punitive damages. While the amount of punitive damages lies solely within the jury's discretion,

it will be deemed excessive if the size of the award indicates passion, prejudice or bias or has no reasonable relation to the actual injury inflicted. This is the rule under Missouri law. See Hunter v. Kansas City Rys. Co., 213 Mo. App. 233, 248 S.W. 998. "Generally, punitive damages must bear some relation to the injury inflicted and the cause thereof." Beggs v. Universal C.I.T. Credit Corporation, Mo., 409 S.W.2d 719, 724. In the same case it was held that an award of $14,000 punitive damages against the defendant finance company, whose agent wrongfully took a tractor on which the company did not have a mortgage, was excessive by $6,500 where the amount of the actual damages sustained was $1,800. See also Duensing v. Huscher, Mo., 431 S.W.2d 169, where an award of $20,000 punitive damages where $22,000 actual damages were awarded for wrongfully prescribing drugs, was considered to be excessive by $15,000 in the absence of actual malice or ill will (though Missouri law implies malice from a reckless disregard of another's rights and interests. Beggs v. Universal C.I.T. Credit Corporation, *supra*). See also Randol v. Klines, Inc., 330 Mo. 343, 49 S.W.2d 112; Newport v. Montgomery Ward & Co., 344 Mo. 646, 127 S.W.2d 687; Beggs v. Universal C.I.T. Credit Corporation, *supra,* and cases therein cited. In Irons v. American Ry. Express Co., 318 Mo. 318, 300 S.W. 283, plaintiff was awarded $13,000 punitive damages and the award was allowed to stand. But in that case the actual damages were found to be $7,000, and the tort was malicious prosecution, in which type of case, as the Missouri Supreme Court noted, juries are given "a wide latitude of discretion" in punitive damages. In another malicious prosecution case, Polk v. Missouri-Kansas-Texas R. Co., 351 Mo. 865, 174 S.W.2d 176, an award of $18,000 punitive damages was remitted to $9,000 even where the award of actual damages had been $9,000. It appears legally certain that under any reasonably conceivable circumstances that the Missouri Supreme Court would not allow an award of punitive damages in the amount of more than $7,500 to stand in the case at bar. Further, from the face of the petition, the amount of actual damages is $1,039.90 rather than the $1,500 prayed for. See Brown v. Bank of America National Trust & Savings Assn., *supra,* where it was held that a complaint seeking $3,315 in actual damages for the alleged wrongful repossession of an automobile and asking $50,000 for punitive damages revealed on its face that the jurisdictional amount of more than $10,000 was not involved.

It is unnecessary to pass upon the question whether the petition states a cause of action cognizable in a suit separate from the replevin suit.

For the foregoing reasons, it is

Ordered that defendant's motion to stay be, and the same is hereby, denied. It is further

Ordered that this cause be, and the same is hereby, remanded to the Circuit Court of Jackson County.