Flennord SMITH et al., Plaintiffs,

v.

GENERAL MOTORS ACCEPTANCE CORPORATION et al., Defendants.

Civ. A. No. 18788-3.

United States District Court, W. D. Missouri, W. D.

Nov. 2, 1970.

William J. Marsh, and Jay Nigro, for Popham, Popham, Conway, Sweeny & Fremont, Francis L. Roach, for Roach, Roach & Roach, Kansas City, Mo., for plaintiffs.

**106**

Courtney W. Perkins, for Meyer, Smith, Bott & Penner, Kansas City, Mo., for G.M.A.C.

Roger W. Penner, for Meyer, Smith, Bott & Penner, Kansas City, Mo., for MIC and CIM.

Robert G. Smith, for Smith & Polsinelli, Kansas City, Mo., for Miller Pontiac.

## ORDER REMANDING CAUSE TO CIRCUIT COURT OF JACKSON COUNTY

WILLIAM H. BECKER, Chief Judge.

In Count I of the petition herein filed in the Circuit Court of Jackson County, plaintiffs, who are alleged to be citizens of Missouri, demanded $3,000 in actual damages and $50,000 punitive damages against defendants Motor Insurance Corporation and CIM Insurance Corporation, citizens of New York, and Miller Pontiac Company, a citizen of Missouri, on the allegation that a Pontiac automobile purchased from defendant Miller Pontiac Company and insured by Motor Insurance Corporation and CIM Insurance Corporation had been stolen and damaged beyond repair and defendants refused and failed to repair the automobile or pay the insurance moneys required by the insurance contract. Count II calls for $500 damages for substitute transportation during the time Miller Pontiac Company had the damaged automobile and failed to repair it. Count III is a claim against General Motors Acceptance Corporation, a New York Corporation, for breach of its fiduciary duty as "loss payee" of the foregoing insurance "to so collect such insurance proceeds" of $3,000. Therefore, $3,000 actual damages and $50,000 punitive damages are also asked against defendant General Motors Acceptance Corporation.

 On October 26, 1970, defendant General Motors Acceptance Corporation filed its petition for removal of the cause to this Court. Therein, defendant General Motors Acceptance Corporation alleged as follows:

"If sued upon alone, the claim of Count III would be one of which this Court has original jurisdiction as stated in Paragraph 4 above, and which could be removed to this Court by petitioner GMAC by virtue of plaintiff's allegation of breach of fiduciary duty and resulting damage, which is separate and independent of the claims against the Missouri defendant Miller, that is the claims of conspiring to defraud and claim of failure to make timely repair. By virtue of Title 28, U.S.C., Section 1441(c), this entire case is one which may be removed to this Court."

The statute relied on by defendant General Motors Acceptance Corporation, § 1441(c), Title 28, United States Code, provides for the removal of an entire case wherein "a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action." It is well recognized under that statute, however, that when one wrong has resulted to plaintiffs for which a single recovery is sought, the claims of the complaint "cannot constitute a separate and independent claim, no matter how many defendants are said to be liable therefor, or how diverse their basis of liability." Gray v. New Mexico Military Institute (C.A.10) 249 F.2d 28, 30. From the foregoing description of the petition in the state court, it is readily apparent that the claims in Counts I and III do not involve separate and independent claims, but rather the same claim for the $3,000 insurance proceeds which should be paid under the insurance contract and $50,000 punitive damages. This case is therefore like that of American Fire & Casualty Company v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, wherein it was held that a suit against three defendants, one or more of whom might have been responsible for the same fire loss, did not contain separate and independent claims against any single defendant. The single loss here is complained of by plaintiffs as having

resulted from an interlocked series of transactions, as in Young Spring & Wire Corporation v. American Guarantee & Liability Ins. Co. (W.D.Mo.) 220 F.Supp. 222. This case is also like that of Winton v. Moore (N.D.Okl.) 288 F. Supp. 470, wherein plaintiff sued Prudential Insurance Company for recovery on the contract of insurance and also its agent for his alleged failure to transmit insurance premiums paid him to the defendant Prudential. In that case the Court concluded that:

> "While it is true that Plaintiff states one cause of action in tort, against the Defendant Moore, and another on the basis of contract, against the Defendant Prudential, only a single recovery is sought. Under these circumstances this case is indistinguishable from American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951):
>
>> 'Where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under [28 U.S.C.] § 1441(c).' 341 U.S. at p. 14, 71 S.Ct. at p. 540, 95 L.Ed. at pp. 708–709."

See also Fischer v. Brotherhood of Railroad Trainmen (W.D.Mo.) 284 F.Supp. 491. In the case at bar, plaintiffs do not claim to have been additionally damaged by defendant GMAC's breach of fiduciary duty over the failure of Miller Pontiac Company, Motor Insurance Corporation and CIM Insurance Corporation to repair the automobile or to pay the insurance proceeds. A single recovery is sought. Therefore, this cause has been improperly removed under the provisions of Section 1441(c), *supra*, and should be remanded to the Circuit Court of Jackson County. Such is in accordance with the policy of strict construction against federal jurisdiction fully discussed in Young Spring & Wire Corp. v. American Guarantee & Liability Ins. Co., *supra*. Under that principle, all doubts regarding the presence or absence of federal jurisdiction should be resolved in favor of State court jurisdiction. Otherwise, "if removal is permitted in a doubtful case and the defendant who removed suffers an adverse judgment he may attack the removability of the case on appeal and secure a reversal on the grounds of lack of jurisdiction of the District Court. American Fire & Casualty Co. v. Finn [, supra]; 1A Moore, Federal Practice Par. 0.157(1–.3) pp. 75–79." Young Spring & Wire Corp. v. American Guarantee & Liability Ins. Co., *supra*, at 228. Further, the appellate court may consider the jurisdictional question on its own motion. Colorado Life Co. v. Steele (C.A.8) 95 F.2d 535.

Further, the federal court's jurisdiction of the claim against General Motors Acceptance Corporation in Count III, wherein only $3,000 in actual damages are demanded, depends upon whether it would be legally possible under the law of Missouri for plaintiffs to obtain more than $7,000 in punitive damages so that the jurisdictional amount of $10,000 required by § 1332, Title 28, U.S.C. would be attained. Under current Missouri law, it would appear that plaintiffs would not be able to obtain that much in punitive damages. See, e. g. Alexander v. B–W Acceptance Corporation (W.D. Mo.) 311 F.Supp. 299. But that question need not be ruled upon by this Court because this case is not removable as a separate and independent claim in Count III under Section 1441(c), *supra*.[1]

For the foregoing reasons, it is

Ordered that this cause be, and it is hereby, remanded to the Circuit Court of Jackson County.

---

1. It is doubtful that any punitive damages may be recovered on the facts stated and the inferences therefrom viewed in the light most favorable to the plaintiffs.