**James FOLLIS et al.**

v.

**INTERSTATE MOTEL LODGES # 6, INC.**

**Civ. A. No. 76–355.**

United States District Court,
D. Rhode Island.

Dec. 20, 1976.

Guy J. Wells, Providence, R. I., for plaintiffs.

Peter Lawson Kennedy, Providence, R. I., for defendant.

## MEMORANDUM AND ORDER

PETTINE, Chief Judge.

Defendant moves to dismiss the instant action for want of jurisdiction based on its contention that the amount in controversy in this case is not in excess of $10,000 exclusive of interest and costs, as required by 28 U.S.C. § 1332(a) (1970) (federal jurisdiction based on diversity of citizenship).

The $10,000 figure is, of course, jurisdictional; and where it appears to a legal certainty that the amount in controversy is less than $10,000 dismissal of the complaint is required. *See, e. g., Lyons v. Salve Regina College*, 422 F.Supp. 1354, 1356 (D.R.I. 1976).

In the present case, plaintiffs, five individuals who seek damages based on their allegations that notwithstanding their prepaid reservations they were denied overnight accommodations at defendant motel, seek judgment in the amount of $100,000.

It is not clear from plaintiffs' complaint whether each plaintiff is demanding $100,000 in damages or whether this sum is the aggregate amount claimed for all of them. However, the damages claimed by plaintiffs amount to $20,000 each, even if the $100,000 total is construed as aggregate. The Court cannot say to a legal certainty, *see Lyons, supra,* that plaintiffs will not prove this amount. Plaintiffs have alleged that defendant is guilty of deceptive trade practices. If this is true, the Court is authorized to award punitive damages without limitation. R.I.G.L. § 6–13.1–5.2 (Supp.1975). An award in excess of $10,000 per plaintiff is thus within the realm of legal possibility. The motion to dismiss must therefore be denied at this time. However, if it becomes clear as discovery proceeds that, upon the most favorable construction of the facts plaintiffs seek to prove, a recovery in excess of $10,000 is not possible, then the motion to dismiss may be renewed. *See Anthony v. United Insurance Co.*, 240 F.Supp. 95 (E.D. S.C.1965). In addition, if a judgment of less than $10,000 should ultimately enter in this case, defendant may move for costs. *See* 28 U.S.C. § 1332(b) (1970).

Plaintiffs have not offered any opposition to defendant's motion for a more definite statement and the motion is granted. *See Blane v. Brastoff*, 10 F.R.D. 342 (N.D.Ohio 1950). Plaintiffs, within ten days, will file an amended complaint, stating in separate counts, as to each plaintiff, the claim asserted and separately reciting the amount of actual and punitive damages sought.

So Ordered.