**Robert KILLIAN and Betty Killian, and Robert Killian and Joseph Killian, d/b/a Queen City Car Wash, Cross-Claim Plaintiffs,**

v.

**UNION L.P. GAS SYSTEM, INC., a corporation, Cross-Claim Defendant.**

Civ. A. No. 83–3445–CV–S–2.

United States District Court,
W.D. Missouri, S.D.

Aug. 5, 1983.

Charles C. Shafer, Jr., Kansas City, Mo., Glenn A. Burkart, Mann, Walter, Burkart, Weathers & Walter, Springfield, Mo., for cross-claim plaintiffs.

Lynn Myers, Daniel, Clampett, Rittershouse, Dalton, Powell & Cunningham, Springfield, Mo., for cross-claim defendant.

### MEMORANDUM IN SUPPORT OF ORDER GRANTING MOTION TO REMAND

COLLINSON, Senior District Judge.

The above-styled action is a crossclaim in a pending state court action which the crossclaim defendant sought to remove pursuant to the provisions of 28 U.S.C. § 1441(c).

---

The relevant portion of this statute states as follows:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

██ The crossclaim plaintiffs filed a motion to remand this action to state court on the basis that the crossclaim defendant's attempt to remove only the crossclaim rather than the entire case pending in state court is not permitted under the statute. The Court believes the plain language of the statute supports this view and the commentators agree. *See, e.g.,* 1A *Moore's Federal Practice,* ¶ 0.163[4.–8] (2d ed. 1983). In addition, other courts that have addressed this issue have likewise concluded that piecemeal removal of actions is not contemplated by the statute. *See Port of New York Authority v. Eastern Airlines, Inc.,* 259 F.Supp. 142 (E.D.N.Y.1966); *Morschauser v. American News Co.,* 158 F.Supp. 517 (S.D.N.Y.1958). Therefore, even under Section 1441(c)'s theory of removal, when a complaint states multiple causes of action which are separate and independent, the entire cause must be removed and the question of retaining any cause of action not within the Court's original jurisdiction or remanding such cause of action to state court is a matter to be decided by the district court in its discretion.

In opposing the motion to remand, the crossclaim defendant has cited no case permitting only a portion of a pending action to be removed. Rather, the Court's attention is directed to cases which permit the removal of an entire case by a third-party defendant or a crossclaim defendant or the removal of a severed third-party claim when such cross-claim or third-party claim qualifies as a separate and independent claim under the removal statute. The crossclaim defendant strongly argues that the crossclaim in this action meets this test. However, even this basis for removal of an entire case is a minority view.

The majority of courts hold that Section 1441(c) does not authorize removal by a third-party or crossclaim defendant but, rather, applies only to separate and independent claims introduced by the plaintiff. *See, e.g., Friddle v. Hardee's Food Systems, Inc.,* 534 F.Supp. 148 (W.D.Ark.1981); *Folts v. City of Richmond,* 480 F.Supp. 621 (E.D. Va.1979). The leading commentators concur in this construction of the removal statute. *See* 1A *Moore's Federal Practice,* ¶ 0.167[9] (2d ed. 1983); 14 Wright, Miller & Cooper, *Federal Practice and Procedure,* § 3724, pp. 643–646 (1976).

The Court is mindful of the principles that require statutory provisions regulating removal to be strictly construed and that require all doubts regarding the propriety of removal to be resolved against federal jurisdiction. *See Smith v. General Motors Acceptance Corp.,* 324 F.Supp. 105 (W.D. Mo.1970). The Court believes that it is highly doubtful that an action may be removed piecemeal and it is equally doubtful that a crossclaim defendant may remove a cause of action to federal court. Following the principles noted above, the Court must resolve these doubts in favor of remand to the state court.

Accordingly, it is

ORDERED that the crossclaim plaintiffs' motion to remand be, and hereby is, granted.