**ALABAMA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, Plaintiff,**

**v.**

**SOUTHERN CLAY AND ENERGY and Betty M. Gray, Defendants.**

**SOUTHERN CLAY AND ENERGY and Betty M. Gray, Counterclaimant,**

**v.**

**James WARR, Charles Horn, Steve Jenkins and Steve Foster, Counterdefendants.**

**No. CV–89–N–2071–J.**

United States District Court, N.D. Alabama, Jasper Division.

March 23, 1990.

James L. Wright, Alabama Dept. of Environmental Management, Office of General Counsel, Montgomery, Ala., for plaintiff.

Ronald Wesley Farley, Alabama Dept., Environmental Mgmt., Montgomery, Ala., for counter-defendants.

Joey K. James, Bunch & Associates, Florence, Ala., for defendants.

## MEMORANDUM OF OPINION

EDWIN L. NELSON, District Judge.

This civil action was originally brought in the Circuit Court of Winston County, Alabama by the Alabama Department of Environmental Management, an agency of the State of Alabama. The Commission sought only injunctive relief and the collection of civil penalties against the defendants and based its claims entirely on provisions of state law. The defendants are a clay mining company and an individual. On July 31, 1989, the defendants filed a counterclaim against the original plaintiff, four individual defendants, James Warr, Charles Horn, Steve Jenkins and Steve Foster, and numerous fictitious parties.[1] Only state law claims were raised in the original counterclaim. The defendants/counterclaimants amended the counterclaim on November 9, 1989 to allege that the plaintiff/counterdefendants had acted under color of state law to deprive them of certain rights accorded them under the Constitution or laws of the United States.[2] On December 6, 1989 the plaintiff/counterdefendants removed the action to this court pursuant to the provisions of 28 U.S.C. § 1441(c).[3]

Though the defendants/counterclaimants have raised no question of the court's jurisdiction, it is clear that in this posture the case raises significant concerns with regard to its removability and that those concerns must be addressed before proceeding further. The statute by which the Congress has authorized removal of actions from state to federal courts, 28 U.S.C. § 1441, provides that removal may be had by the "defendant." Generally, removability must be found in the averments of the plaintiff which demonstrate the federal court's original jurisdiction. *Pullman Company v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939). Here, the only federal claim of which this court has original jurisdiction was raised by the defendants in their counterclaim and the case was removed by the counterclaim defendants. In such circumstances, the action is not removable to the federal court.

The removal statute, being one which confers jurisdiction on the federal district courts, must be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). A due respect for state sovereignty and the independence of state courts demands that the federal courts exercise their right to remove cases properly before state courts only in strict conformity with the removal

---

1. Rule 13(h), Fed.R.Civ.P provides that "Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20."

2. 42 U.S.C. § 1983 **Civil action for deprivation of rights.**

    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3. **28 U.S.C. § 1441(c)**

    (c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

authority granted by Congress. *Ashley v. Southwestern Bell Tel. Co.*, 410 F.Supp. 1389 (W.D.Tex.1976). Doubts concerning removability are to be resolved against removal and in favor of remand. *Green v. Mutual of Omaha*, 550 F.Supp. 815 (N.D. Cal.1982).

The general rule is that the federal question upon which jurisdiction is purportedly based must appear from the complaint as it stands at the time of removal. *Great Northern Railway Co. v. Alexander*, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918). This rule is consistent with long-standing principles adhered to by the federal courts. More than seventy years ago the United States Supreme Court said,

> [W]hether a case arising, as this one does, under a law of the United States is removable or not, when it is commenced (there being no claim of fraudulent attempt to evade removal), is to be determined by the allegations of the complaint or petition and that if the case is not then removable it cannot be made removable by any statements in the petition for removal or in subsequent pleadings by the defendant. * * * It is also settled that a case, arising under the laws of the United States, non-removable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant or by an order of the court upon any issue tried upon the merits * * *.

*Great Northern Railway Co. v. Alexander, supra.* The federal question may not be raised only in defense, *Franchise Tax Board of California v. Construction Laborers Vacation Trust of Southern California*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), *Oklahoma Tax Commissioner v. Graham*, 489 U.S. 838, 109 S.Ct. 1519, 103 L.Ed.2d 924 (1989), or by a counterclaim only, *Rath Packing Co. v. Becker*, 530 F.2d 1295 (9th Cir.1975), *affirmed on other grounds, sub. nom. Jones v. Rath Packing Co.*, 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604, *rehearing denied*, 431 U.S. 925, 97 S.Ct. 2201, 53 L.Ed.2d 240 (1977). The courts and commentators alike agree that the "independent claim or cause of action" referred to in Section 1441(c) applies only to claims joined by a plaintiff. *Shamrock Oil & Gas Corp. v. Sheets, supra.; Southland Corp. v. Estridge*, 456 F.Supp. 1296 (C.D.Cal.1978).

The general rule is not changed by the presence of additional parties added by the original defendants in their counterclaim. These parties are in no better position than are third-party defendants who have no right to remove an action to the federal district court where the federal question was not raised by the plaintiff. *Share v. Sears, Roebuck & Co.*, 550 F.Supp. 1107 (E.D.Pa.1982); *Croy v. Buckeye International, Inc.*, 483 F.Supp. 402 (D.C.Md.1979). A "majority of courts hold that Section 1441(c) does not authorize removal by a third-party or crossclaim defendant but, rather, applies only to separate and independent claims introduced by the plaintiff." *Killian v. Union L.P. Gas System, Inc.*, 568 F.Supp. 679, 680 (W.D.Mo. 1983).

An order will be entered contemporaneously with the entry of this opinion remanding this action to the Circuit Court of Winston County, Alabama.